UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

IN RE:

BRANDON HEITMANN,                                     Case No. 24-41956-mar
                                                      Chapter 13
    Debtor.                                       Hon. Mark A. Randon
_____/

**SECURED CREDITOR AMERICREDIT FINANCIAL SERVICES, INC., D/B/A
GM FINANCIAL'S MOTION FOR RELIEF FROM THE AUTOMATIC
STAY AND CO-DEBTOR STAY**

Secured Creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial, pursuant to

Sections 362(d)(1) and (2) and 1301 of the United States Bankruptcy Code, moves this honorable Court

for entry of an order granting relief from the automatic stay and the co-debtor stay and, in support

thereof, says as follows:

1.    Debtor filed this Chapter 13 bankruptcy case on February 29, 2024.  At the time of filing

this bankruptcy case, Debtor, as the guarantor, was indebted to Secured Creditor on a 2021 Chevrolet

Silverado motor vehicle loan. The current balance on the loan is $57,538.67 and the current arrearage

on the loan is $11,420.79; photocopies of the Retail Installment Contract, Addendum to Retail

Installment Contract showing the Debtor is the  guarantor on the loan, and RD-108 evidencing the lien

are marked as composite Exhibit A and attached hereto. Exigent Landscaping, LLC is the borrower on

the motor vehicle loan.

2.    Under the terms of the August 6, 2021 contract with Secured Creditor, monthly payments

are due in the amount of $1,159.47 for a period of 72 months with the first payment due on September

6, 2021.  In this Chapter 13 case, Debtor's Chapter 13 Plan does not provide any treatment for the 2021

Chevrolet Silverado.

3.     Secured Creditor is, and at all pertinent times hereto, has been the owner and holder of the aforementioned contract.

4.     Secured Creditor is entitled to an order granting it relief from the automatic stay and the co-debtor stay with regard to the aforementioned vehicle because Debtor has not paid, nor offered to pay, any adequate protection to Secured Creditor, the vehicle is not necessary to Debtor's reorganization, Debtor is in default on payments under the terms of the contract, and Debtor's Chapter 13 Plan does not provide any treatment for the vehicle.  Also, upon information and belief, Debtor is not maintaining full insurance coverage on the vehicle.

5.     Before filing this Motion, Creditor sought the concurrence of Debtor and the Trustee, but concurrence has been denied or Debtor has, and/or the Trustee has, not responded to the request.

WHEREFORE, Secured Creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial, prays that this honorable Court grant its Motion and enter an order granting it relief from the automatic stay and the co-debtor stay to exercise its lien and secured rights against the 2021 Chevrolet Silverado, including repossession and sale of the same, and that the order shall be effective immediately notwithstanding the provisions of Fed.R.Bankr.P. 4001(a)(3), and for such other and further relief as may be appropriate under the circumstances.

Date:   April 3, 2024                    /s/ S. Thomas Padgett
                                         S. Thomas Padgett (P31748)
                                         DeBrincat Padgett
                                         Attorney for Creditor
                                         27780 Novi Road, Suite 225
                                         Novi, MI 48377
                                         (248) 553-4333
                                         michiganlawyer@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

IN RE:

BRANDON HEITMANN,                                           Case No. 24-41956-mar
                                                            Chapter 13
      Debtor.                            Hon. Mark A. Randon
_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY
### AND CO-DEBTOR STAY

THIS MATTER having come before the Court on Secured Creditor AmeriCredit Financial

Services, Inc., d/b/a GM Financial's Motion for Relief from the Automatic Stay and Co-Debtor Stay,

the Motion having been served on the Debtor, the Borrower, Debtor's counsel, and the Chapter 13

Trustee, and the Court being otherwise fully advised in the premises; IT IS ORDERED:

1.    Secured Creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial, is hereby

granted relief from the automatic stay and co-debtor stay to pursue relief that may be available to it

pursuant to applicable law and the terms and provisions of the contract for Debtor's purchase of one

2021 Chevrolet Silverado, vehicle identification number 1HTKJPVK2MH659474, including

repossession and sale of the vehicle. Upon sale of property, any surplus proceeds shall be paid to the

Trustee.

2.    The entry of this Order shall be effective immediately notwithstanding the provisions of

Fed.R.Bankr.P. 4001(a)(3). All other terms and provisions of the automatic stay shall remain in full

force and effect.

                              _____
                                   U.S. Bankruptcy Judge

Order prepared by:


/s/ S. Thomas Padgett
S. Thomas Padgett (P31748)
Attorney for Creditor

IN RE:

BRANDON HEITMANN,                                        Case No. 24-41956-mar
                                                         Chapter 13
        Debtor.                                          Hon. Mark A. Randon

_____/
Address: 60749 Forest Creek Dr.
        Washington Twp., MI 48094

Last four digits of Social Security No. 8602

### NOTICE OF FILING OF SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

Secured Creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial has filed papers with the court seeking relief from the automatic stay and co-debtor stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, within 14 days from the date of this Notice, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at[1]:

United States Bankruptcy Court
211 W. Fort St.
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

S. Thomas Padgett, Esquire
DeBrincat Padgett
27780 Novi Road, Suite 225
Novi, MI 48377

Robert Bassel, Esquire                   Krispen S. Carroll
Attorney for Debtor                      Chapter 13 Trustee
P.O. Box T                               719 Griswold, Ste. 1100
Clinton, MI 49236                        Detroit, MI 48226

_____

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: April 3, 2024
/s/ S. Thomas Padgett
S. Thomas Padgett (P31748)
DeBrincat Padgett
Attorney for Creditor
27780 Novi Road, Suite 225
Novi, MI 48377
(248) 553-4333
michiganlawyer@aol.com

IN RE:

BRANDON HEITMANN,                                          Case No. 24-41956-mar
                                                          Chapter 13
            Debtor.                                       Hon. Mark A. Randon
_____/

### MEMORANDUM OF LAW IN SUPPORT OF SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

In support of its Motion, Secured Creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial, relies upon the provisions of Sections 362(d)(1) and (2) and 1301 of the United States Bankruptcy Code and *In Re: Newpower*, 233 F.3d 922 (6th Cir. 2000); *U.S. Savings Ass'n of Texas v Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 108 S.Ct. 626 (1988); and, *In Re: Independence Village, Inc.*, 52 B.R. 715 (Bkrtcy. E.D. MI. 1985).

Date: April 3, 2024                    /s/ S. Thomas Padgett
                                       S. Thomas Padgett (P31748)
                                       DeBrincat Padgett
                                       Attorney for Creditor
                                       27780 Novi Road, Suite 225
                                       Novi, MI 48377
                                       (248) 553-4333
                                       michiganlawyer@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

IN RE:

BRANDON HEITMANN,                                          Case No. 24-41956-mar
                                                          Chapter 13
        Debtor.                                           Hon. Mark A. Randon
_____/

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 3, 2024, true and correct copies of Secured

Creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial's Motion for Relief from the

Automatic Stay and Co-Debtor Stay, Memorandum of Law, Notice of Filing of Motion, Statement

Regarding Corporate Ownership and proposed Order were served upon the following parties

electronically:

Robert Bassel, Esquire                    Krispen S. Carroll
Attorney for Debtor                       Chapter 13 Trustee
P.O. Box T                                719 Griswold, Ste. 1100
Clinton, MI 49236                         Detroit, MI 48226

and upon the following parties by depositing said copies in the U.S. Mail, postage prepaid:

Brandon Heitmann, Debtor                  Exigent Landscaping, LLC, Borrower
60749 Forest Creek Dr.                    13246 23 Mile Road
Washington, MI 48094                      Shelby Twp., MI 48315


Dated: April 3, 2024                      /s/ S. Thomas Padgett
                                          S. Thomas Padgett (P31748)
                                          DeBrincat Padgett
                                          Attorney for Creditor
                                          27780 Novi Road, Suite 225
                                          Novi, MI 48377
                                          (248) 553-4333
                                          michiganlawyer@aol.com

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number _____    Contract Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| EXIGENT LANDSCAPING, LLC | N/A | GENESIS CHEVROLET INC. |
| 55724 RESERVE ST | N/A | 21800 Gratiot Ave |
| SHELBY TOWNSHIP, MI 48316 MACOMB N/A | N/A | Eastpointe, MI 48021 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2021 | CHEVROLET SILVERADO | 394 | 1HTKJPVK2MH659474 | Personal, family or household unless otherwise indicated below ☒ business ☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $12,000.00 |
|---|---|---|---|---|
| 6.730 % | $ 14,953.66 | $ 68,528.19 | $ 83,481.04 | $ 95,481.04 |

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 1,159.47 | Monthly beginning 09/05/21 |
| N/A | N/A | N/A |

Or As Follows:

N/A

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 15 or 5 % of the part of the payment that is late, whichever is greater.

Prepayment. If you pay early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

| | | |
|---|---|---|
| 1 Cash Price | | |
| A Taxable Part of Cash Price | | |
| to Seller for Vehicle | | $ 75,199.29 |
| to Seller for Accessories and Installation Charges | | |
| to Seller for Document Preparation Fee | | $ 199.00 |
| to N/A for N/A | | |
| to N/A for N/A | | |
| to N/A for N/A | | N/A |
| Total Taxable Part of Cash Price | | $ 75,398.29 |
| B To Government Agencies for Sales Tax | | $ 4,523.90 |
| C Non-Taxable Part of Cash Price | | |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| Total Non-Taxable Part of Cash Price | | N/A |
| Total Cash Price | | $ 79,922.19 (1) |
| 2 Total Downpayment = | N/A | |
| Trade-in (Year)(Make)(Model) | | |
| Gross Trade-In Allowance | N/A | N/A |
| Less Pay Off Made By Seller | | N/A |
| Equals Net Trade In | | N/A |
| + Cash | | 10,000.00 |
| + Other REBATE | | 2,000.00 |
| (If total downpayment is negative, enter "0" and see 4H below) | | 12,000.00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 67,922.19 (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf | | |
| A Cost of Optional Credit Insurance Paid to Insurance Company or Companies | | |
| Life | N/A | |
| Disability | N/A | N/A |
| B Other Optional Insurance Paid to Insurance Company or Companies | | N/A |
| C Optional Gap Contract | | N/A |
| D Official Fees Paid to Government Agencies | | N/A |
| E Government Taxes Not Included in Cash Price | | N/A |
| F Government License and/or Registration Fees LICENSE AND/OR REG FEES | | 590.00 |
| G Government Certificate of Title Fees | | 16.00 |
| H Prior Credit or Lease Balance Paid to | | N/A |
| I Other Charges (Seller must identify who is paid and describe purpose.) | | |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| to N/A for N/A | | N/A |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | 606.00 (4) |
| 5 Amount Financed - Principal Balance (3 + 4) | | $ 68,528.19 (5) |
| 6 Finance Charge | | $ 14,953.66 |
| 7 Total of Payments - Time Balance | | $ 83,481.04 (7) |

Payment Schedule: The payment schedule will be 72 installments of $ 1,159.47 monthly beginning 09/05/21, or if scheduled payments are irregular or unknown, as follows: N/A

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A SELLER'S INITIALS N/A

### Insurance section (right column)

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is authorized to sell insurance in Michigan. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below.
Optional Credit Insurance
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ N/A    Term N/A
Credit Disability $ N/A    Term N/A
Insurance Company Name N/A
Home Office Address N/A

Other Optional Insurance
☐ N/A    Type of Insurance    Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

☐ N/A    Type of Insurance    Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

X N/A ____ N/A
Buyer Signature    Date
X N/A ____ N/A
Co-Buyer Signature    Date

OPTIONAL GAP CONTRACT.
Term ____ Mos. N/A
Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X N/A

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X [signature]
Co-Buyer Signs X

### Bottom section

## NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X ____ Co-Buyer Signs X

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others, unless so indicated hereon.

Notice To Buyer: Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.

Buyer Signs X [signature] Date 08/06/21    Co-Buyer Signs X N/A    Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A    Address N/A

Seller signs GENESIS CHEVROLET INC. Date 08/06/21    By X [signature] Title MANAGER

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X [signature] Date 08/06/21    Co-Buyer Signs X N/A    Date N/A

Seller assigns its interest in this contract to GM FINANCIAL (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse

Seller GENESIS CHEVROLET INC.    By X [signature]    Title MANAGER

ORIGINAL LIENHOLDER

EXHIBIT A

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. If all your scheduled payments are equal, we will give you at least 25 days after the final scheduled payment is due to pay any extra amount you owe because you paid late. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**e. Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is larger than any of the substantially equal prior scheduled payments. If your final scheduled payment is a balloon payment, you have the right to enter into a new written agreement when it is due (refinance). You may refinance the balloon in equal installments over a reasonable period of time. During this period, you will also pay a finance charge on the unpaid balance computed using the Annual Percentage Rate on the front.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or, if such coverage cannot be obtained, buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. If you fail to pay us, and if permitted by law, we may add the charge to the balance owing under this contract. We may increase the amount of your scheduled payment in order to amortize the charge by the time your final payment is due. As an alternative and, if you specifically agree, you may have a larger or balloon final payment; or the date of the final payment may be extended. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your car has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle or earlier, if we notify you of an earlier date.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

## 5.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

## 6.

SERVICING AND COLLECTION CONTACTS
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

## 7. APPLICABLE LAW

Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

### ARBITRATION PROVISION
#### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Form No. 553-MI-ARB 3/13

# Commercial Addendum to Retail Installment Contract

**Contract Date:** ▓▓▓▓▓▓▓▓▓

| Buyer Name and Address | Co-Buyer Name and Address | Seller Name and Address |
|---|---|---|
| Evergreen Landscaping LLC. 55724 Reserve Sty Shelby Twp M. 48316 County: Macomb | County: | Genesis Chevrolet 21800 Gratiot Ave Eastpointe Mi. 48021 |

This Commercial Addendum to Retail Installment Contract ("Addendum") is entered into between Buyer and Co-Buyer (hereinafter collectively referred to as "Buyer") and Seller, each as named above, as of the Contract Date set forth above, and is a part of that certain vehicle sale contract ("Contract") between Buyer and Seller dated as of the Contract Date, notwithstanding any reference in the Contract to the terms of the Contract being the "entire agreement" of the parties. The terms of this Addendum are incorporated in the Contract as if set forth in full in the Contract itself.

The following terms of the Contract are hereby added:

1. **Additional Security for Commercial Contracts.** To further secure the performance of Buyer's obligations to Seller hereunder, under any other contract, lease or agreement, or otherwise, Buyer hereby grants to Seller a security interest in: (a) each and every vehicle purchased by Buyer and financed by Seller ("Financed Vehicles"); (b) each and every vehicle leased by Seller to Buyer ("Leased Vehicles"), to the full extent of Buyer's interest therein; (c) all accessions, attachments, replacements, substitutions and additions to the Financed Vehicles and Leased Vehicles; (d) all leases, lease payments, rental agreements, rentals, chattel paper and rights relating to the Financed Vehicles and Leased Vehicles; and (e) all proceeds derived from the Financed Vehicles and Leased Vehicles, including, but not limited to, insurance proceeds and refunds of insurance premiums. A default by Buyer under any contract, lease or agreement between Buyer and Seller shall be a default under all contracts, leases and agreements between Buyer and Seller. Upon such default, Seller may exercise all of its rights and remedies under all contracts, leases and agreements between Buyer and Seller.

2. **Purpose.** Notwithstanding anything in the Contract to the contrary, the vehicle described in the Contract is being purchased primarily for commercial or business use.

3. **OFAC Certification.** Buyer and Co-Buyer certify to Seller that neither they nor any person or entity holding any interest in them nor any of their respective officers or managers nor any guarantor of their respective obligations is a party with whom Seller is prohibited from doing business pursuant to the regulations of the Office of Foreign Assets Control or any other law or regulation. If the foregoing certification is or becomes untrue, in whole or in part, at any time, Buyer and Co-Buyer jointly and severally agree to indemnify Seller for any claim, damage, loss, liability or expense Seller suffers by reason of the untruthfulness of the foregoing certification.

4. **Arbitration Provision. PLEASE READ CAREFULLY.** This Arbitration Provision sets forth the procedure for resolving disputes arising out of or relating to the Contract and any related transaction or relationship. By agreeing to this Arbitration Provision:

   - EITHER BUYER OR SELLER MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN THEM DECIDED BY ARBITRATION, AND NOT IN COURT OR BY JURY TRIAL.
   - BUYER GIVES UP ANY RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS CLAIM (INCLUDING CLASS ARBITRATION) AGAINST SELLER BY ENTERING INTO ARBITRATION,
   - DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN A LAWSUIT IN COURT, AND OTHER RIGHTS THAT BUYER WOULD HAVE IN COURT MAY NOT BE AVAILABLE

At the election of any party to the Contract, any claim, dispute or controversy ("Claim") by either party against the other, or against the employees, agents, successors or assigns of the other, arising from or relating in any way to the Contract or any document, transaction or relationship relating thereto or the purchase or condition of the vehicle described in the Contract (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including but not limited to Claims regarding the applicability and interpretation of this Arbitration Provision or the validity and interpretation of the Contract, shall be resolved by neutral, binding arbitration and not by court action. The term "claim" shall have the broadest possible interpretation. No Claim submitted to arbitration may be brought as a class action or as a "private attorney general" action. Buyer waives the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim.

The arbitration shall be conducted on an individual basis by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org) or such other arbitration organization as Buyer and Seller may mutually agree to, under the rules in effect at the time the Claim is filed; provided, however, that this Arbitration Provision shall control in the event of any conflict with the rules of the chosen arbitration organization. The arbitration hearing shall be conducted in the federal district in which Buyer's billing address at the time the Claim is filed is located, unless Buyer and Seller mutually agree otherwise. The arbitrator shall be either a retired judge or an attorney selected under the applicable rules of arbitration. This Arbitration Provision and all arbitration conducted under it shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., and not by state law. Any award granted shall be accompanied by a written opinion of the arbitrator and shall be final and binding on all parties, subject only to any right of appeal under the Federal Arbitration Act. Judgment upon any arbitration award may be entered in any court having jurisdiction.

At Buyer's written request, Seller will advance any arbitration filing fee or administrative and hearing fees which Buyer is required to pay to pursue a Claim in arbitration, up to a maximum of $5,000. The arbitrator will decide who will be ultimately responsible

After signing, attach this Addendum to the Contract. Attach a copy to the Buyer's copy of the Contract. For use in all states.

Form 508 - Commercial Addendum to Retail Installment Contract (Rev. 07/18)

for paying those fees, and as a result Buyer may be required to partially or fully reimburse Seller. Each party shall be solely responsible for the fees of its own attorneys and experts, as well as any other fees and costs.

This Arbitration Provision applies to all Claims now in existence or that may arise in the future, and shall survive any termination, payoff, assignment or transfer of the Contract, the bankruptcy of Buyer or Seller, or the institution of legal proceedings by either party against the other. Buyer and Seller each reserve the right to pursue remedies in small claims court that fall within the court's jurisdiction, to use self-help remedies such as repossession, and to file an action to recover the vehicle described in the Contract, to recover amounts owed under the Contract, or for individual injunctive relief, all without waiving the right to arbitrate. The decision of either party to waive arbitration with respect to a Claim shall not have the effect of waiving the right to elect arbitration for any other Claim.

If any part of this Arbitration Provision is found to be unenforceable for any reason, then the unaffected parts of this Arbitration Provision will remain in full force and effect; provided, however, that the entirety of this Arbitration Provision shall be deemed unenforceable if Buyer's waiver of its rights to class action is found to be unenforceable. To the extent that terms regarding arbitration are present in the Contract and conflict with this Arbitration Provision, the terms in the Contract shall govern.

As modified by this Addendum, all the terms and conditions of the Contract remain in full force and effect. This Addendum, together with the Contract, represents the entire agreement between the parties and supersedes any prior understandings or agreements, written or verbal, between the parties.

| BUYER Exigent Landscaping LLC | DATE 08.06.21 | CO-BUYER (PRINT NAME) | DATE |
|---|---|---|---|
| BY (SIGNATURE) | | SIGNATURE | |
| SIGNER PRINTED NAME Brandon Heitmann | SIGNER TITLE Member | | |
| SELLER Genesis Chevrolet | DATE 8/6/21 | BY (SIGNATURE) June Johnson | |
| SIGNER PRINTED NAME June Johnson | | SIGNER TITLE Business Manager | |

Guaranty. The guarantor shown below (the "Guarantor") hereby jointly, severally and unconditionally guarantees payment of Buyer and Co-Buyer's obligations to Seller hereunder, under any other contract, lease or agreement, or otherwise, and all extensions, substitutions and refinancing thereof. If Buyer fails to pay, Guarantor will pay the total amount owing even if there are other guarantors, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Guarantor will pay Seller even if Seller does one or more of the following: (1) gives Buyer more time to pay; (2) modifies Buyer's obligations; (3) gives a full or partial release to any other guarantor; (4) releases any security; (5) accepts less from Buyer than the total amount owing; or (6) otherwise reaches a settlement relating to Buyer's obligations. Guarantor waives notice of: acceptance of this Guaranty; Buyer's non-payment, non-performance and/or default; the amount owing at any time; and any demands upon Buyer. Guarantor waives any right to require Seller to first exhaust its remedies against Buyer or Co-Buyer, the security, or any other guarantor before collecting under this Guaranty. Guarantor will pay the attorney's fees, court costs and disbursements Seller incurs in enforcing the Contract or this Guaranty.

| | | ENTITY GUARANTOR LEGAL NAME | | DATE |
|---|---|---|---|---|
| INDIVIDUAL GUARANTOR SIGNATURE | DATE 08.06.21 | BY (SIGNATURE) | | |
| INDIVIDUAL GUARANTOR PRINTED NAME Brandon Heitmann | | SIGNER NAME | TITLE | |
| GUARANTOR ADDRESS 55724 Reserve St | | GUARANTOR ADDRESS | | |
| CITY Shelby Twp | STATE MI | ZIP 48316 | CITY | STATE | ZIP |

After signing, attach this Addendum to the Contract. Attach a copy to the Buyer's copy of the Contract. For use in all states.

Form 508 - Commercial Addendum to Retail Installment Contract

(Rev. 07/18)

# Receipt for RD-108 Dealer Transaction

## APPLICATION FOR MICHIGAN TITLE AND REGISTRATION

**Dealer**
GENESIS CADILLAC INC

**Address**
19900 E NINE MILE ROAD

**City**
SAINT CLAIR SHORES    MI    480800000

| Dealer License No. |
|---|
| A003731 |

| Odometer |
|---|
| 394    A |

A = Actual mileage
B = Not actual mileage
C = Exceeds mechanical limits of odometer

CARS0045289324

| Transaction Type: |
|---|
| ORIG TITLE/ORIG PLATE |

**Validation**
08232021 11;14 162 45289324 5,129.90
MI0010663286 394 A
*S.I. RECORDED*

| Plate No. | Expires on | Months | County |
|---|---|---|---|
| BC84152 | 02/28/2022 | 12 | MACOMB |

| Year | Make | Body Style |
|---|---|---|
| 2021 | CHEVROLET | PICKUP |

| Vehicle No | MSRP | Brand |
|---|---|---|
| 1HTKJPVK2MH659474 | 24000 | |

| Driver's License/State ID # of All Owners/Lessees | License Fee |
|---|---|
| | 590.00 |

| | Title |
|---|---|
| | 16.00 |

| Complete Name(s) and Address(es) of All Owners or Lessors | Title Late Fee |
|---|---|
| EXIGENT LANDSCAPING LLC | 0.00 |

| | Tax |
|---|---|
| 55724 RESERVE ST | 4,523.90 |
| UTICA MI 48316 | Transfer Fee |
| | 0.00 |

| Complete Name(s) and Address(es) of Lessees | Total |
|---|---|
| | 5,129.90 |
| | Full Rights to Survivor |

| First Secured Interest | Filing Date |
|---|---|
| GM FINANCIAL | 08/23/2021 |
| PO BOX 1510 | |
| COCKEYSVILLE MD 21030 | |

| Second Secured Interest | Filing Date |
|---|---|
| NONE | |

| Purchase Price of Vehicle: | 75,398.29 |
|---|---|

Authority Granted by Act 300 of 1949    10/04/2021    12:42PM (GMT-04:00)