UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

  Brandon Heitmann                                Case No. 24-41956
                                                             Chapter 13
  Debtor                                           Hon. Mark Randon
_____/

Debtor's Chapter 13 Confirmation Hearing Certificate for May 22, 2024.
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. ___ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    Trustee Objections:
    Issues:

    Creditor # 1:
    Objections:
    Issues:

    Creditor # 2:
    Objections:
    Issues:

3. _x__ Request an adjournment of the confirmation hearing to _[approximately 56 days], due to the following good cause:
    Debtor is in the process of filing amended tax returns for 2021, and file tax returns for 2023. Debtor formerly operated a business, which is now a chapter 7 debtor, and the 2023 tax returns for that business are close to being completed. Once that is done, Debtor will be able to have his personal tax returns for 2023 finalized. The IRS has filed a large

proof of claim based on the filed 2021 individual return, and the unfiled at the time 2022 return and the unfiled 2023 individual return. Since that time the 2022 return has been filed and the 2021 returns are in the process of being amended. Debtor believes that the amended 2021 returns will be amended and filed within 30 days. Debtor believes that the 2023 individual return will be filed within 45 days. Debtor is requesting an adjournment of approximately 56 days to allow the amended return to be filed for 2021 and the 2023 individual return to be filed. Debtor believes that the 2023 return, as did the 2022 return, will show no tax liability. Debtor believes that the 2021 amended return will show some tax liability, but significantly less than what was indicated in the original 2021 individual return which was one basis for the large IRS proof of claim.

Debtor also seeks an adjournment of 56 days because he has started working for a business owned by his wife which itself has recently opened. The initial projections of income that Debtor had were not met due to the seasonality of Debtor's wife's business, and the fact that it is just starting out. Since that time, Debtor has gotten a better indication of the income that he believes he will be able to receive going forward. Because of the lack of income, Debtor has had to scale down living expenses including not trying to keep his current residence and thus not paying the significant arrearage and significant monthly obligations on the mortgage. Debtor has filed amended Schedules I and J to reflect more accurate projections based on how his wife's business is doing, and has filed an amended chapter 11 plan in light of the new reality. Debtor has no objection to granting relief from stay to the mortgage lender to allow them to pursue their nonbankruptcy remedies as to Debtor's residence.

Debtor believes that once a determination has been made as to what is owed from the 2021 amended individual return, he will be able to determine if he will have sufficient income to pay the priority taxes owed to the IRS, whether from the income of he and his wife, or from support from family and friends.

4. ___ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 7 days.]

5. ___ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

Respectfully submitted
By: /s/ Robert N. Bassel
Robert N. Bassel (P 48420)
Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
248.677-1234
bbassel@gmail.com