**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

| | |
|---|---|
| **IN THE MATTER OF:** | CHAPTER 13 |
| BRANDON L HEITMANN | CASE NO. 24-41956-MAR |
| | JUDGE MARK A RANDON |
| Debtor                                    / | |

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**Now Comes** the Chapter 13 Trustee, KRISPEN S. CARROLL, and files her objections pursuant to E.D. Mich. LBR 3015-3(a) and opposes confirmation of the Chapter 13 Plan where it does not comply with Bankruptcy Code provisions, 11 U.S.C. §§ 1325, 1322, other applicable provisions of Title 11 Chapter 13 and Local Bankruptcy Rules, as follows:

1. Trustee objects to confirmation pursuant to 11 U.S.C. § 1325(a)(9) where debtor has failed to file all applicable Federal, State, and local tax returns as required by 11 U.S.C. § 1308. Trustee notes Internal Revenue Service and State of Michigan proofs of claim reflect unfiled returns or estimated liabilities. Trustee requires a copy of the amended 2021 Federal Income tax return.

2. Trustee requires a copy of debtor's 2023 Corporate tax return for Exigent Landscaping.

3. Trustee requests a copy of debtor's non-filing spouse's 2023 Federal Income tax return.

4. Trustee objects to debtors' apparent lack of good faith contrary to 11 U.S.C. § 1325(a)(3) where it appears debtor failed to disclose all business assets, business operations post-petition and preference payments.

5. Based upon debtor's testimony at the section 341 First Meeting of Creditors, that they

have retained counsel for a non-bankruptcy matter, Trustee objects to debtor's failure to disclose the retention in Section III.B.3. of the Chapter 13 Plan and debtor's failure to timely file an Application to Employ Professional Person as required by Section V.C. of the Plan.

6. Trustee questions the valuation and requests information and documents underlying the counter claims/lawsuits disclosed at the Section 341 First Meeting of Creditors including any complaint, answer and Scheduling Order. Trustee requires debtor remit all proceeds, if any, to the Chapter 13 Trustee for the benefit of debtor's creditors. Trustee further objects to the vesting provision in Section V.O. of the Chapter 13 Plan and requests that debtor include language in the Order Confirming Plan that the claims and the proceeds thereof remain property of the estate and/or constitute disposable income.

7. Trustee questions debtor's election in part I.C. of the Chapter 13 plan.

8. Trustee objects to the inconsistent statements regarding amount of attorney fees in debtor's 2016(b) statement and the Plan of Reorganization. Without this information, your Trustee is unable to properly administer this proceeding.

9. Trustee objects to the allowance of attorney fees through the Order Confirming Plan and requests that debtor's counsel file a fee application based on the amount of fees requested.

10. Trustee objects to debtor's failure to provide all projected disposable income pursuant to 11 U.S.C. § 1325(b)(1)(B) where, upon the completion of debtor's direct payments on the 2019 GMC 2500, the debtor will have additional funds to devote to payments into the Chapter 13 Plan. Trustee requests an increase in the debtor's best effort payments, accordingly.

11. Trustee objects to administrative expenses pursuant to 11 U.S.C. § 326(a) as being overstated in debtor's Liquidation Analysis of the Chapter 13 Plan as it affects the

amount necessary upon liquidation, the best interest of creditors test, pursuant to 11 U.S.C. § 1325(a)(4).

12. Trustee requires verification of the income reported on Line 2 of the Means Test Form 122C-1 as it affects the Applicable Commitment Period and the monthly disposable income determination. Trustee believes this number is understated.

13. Trustee objects to the household size used on the Means Test Form 122C-1 as it affects the Applicable Commitment Period and the monthly disposable income determination.

14. Trustee questions debtor's valuation of the real property on Schedule A and requests a recent real property tax bill with State Equalized Value statement and any other documentation upon which debtor relies, as it may affect the best interest of creditors pursuant to 11 U.S.C. § 1325(a)(4). Trustee further requests a copy of the deed by which debtor obtained title to the real property and copies of deeds for any subsequent transfers, the note, mortgage, and most recent mortgage statement.

15. Trustee questions debtor's valuation of the assets on Schedule B and requests documentation upon which debtor relies as to value of the vehicles and equipment, as it may affect the best interest of creditors pursuant to 11 U.S.C. § 1325(a)(4).

16. Trustee requires copies of all personal and business bank statements for each month of 2024 through confirmation for both debtor and non-filing spouse.

17. Trustee objects to debtor's failure to attach a "statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income," as required for Line 8a on Schedule I for debtor's non-filing spouse.

18. Trustee requests verification of debtor's and non-filing spouse's income received in 2024 through confirmation of the Chapter 13 plan.

19. Trustee objects to the following expenses of the debtor's Schedule J as excessive and unreasonable affecting the net disposable income available to fund the Plan in contravention of 11 U.S.C. § 1325(a)(3) and/or 11 U.S.C. § 1325(b): Rent $1,700 where debtor does not currently have this expense. Trustee requires an increase in best effort in this amount until debtor provides proof of this expense.

20. Trustee requires verification of debtor's non-filing spouse's expenses including student loans, American Express and other credit card minimums, vehicle, and phone.

21. Trustee objects to the debtor's support of his non-filing spouse to the detriment of his unsecured creditors where debtor's non-filing spouse is exceeding her pro-rata portion of the household income which affects disposable income, 11 U.S.C. § 1325(b). As debtor's non-filing spouse's income is 47% of the total household income, the non-filing spouse should be covering 47% of the household bills. Accordingly, Trustee requires debtor increase best effort by $376.14.

22. Trustee objects to debtor's failure to provide all disposable income pursuant to 11 U.S.C. § 1325(b)(1), where based upon the pay stubs provided, it appears debtor has understated non-filing spouse's income disclosed on Schedule I by $1,668.08 per month. Trustee requires debtor to file an amended Schedule I and increase the best effort and plan payment accordingly.

23. Where Pawnee Leasing and Sheffield Financial have filed secured Proofs of Claim, which debt, Trustee requires debtor treat the claim and address any funding/feasibility issues prior to confirmation.

24. Trustee objects to debtor's failure to include all preferential payments in the Liquidation Analysis of the Chapter 13 Plan and disclose in paragraph 6 of the Statement of Financial Affairs as it may affect the amount necessary upon liquidation pursuant to 11 U.S.C. § 1325(a)(4).

25. Based upon Trustee's calculations, debtor's Plan is underfunded and infeasible.

**Wherefore**, the Chapter 13 Trustee prays this Honorable Court deny confirmation of the debtor's Chapter 13 Plan and for other and further relief as the Court deems appropriate, including dismissal.

Dated: July 12, 2024

OFFICE OF THE CHAPTER 13 TRUSTEE -DETROIT
KRISPEN S. CARROLL, CHAPTER 13 TRUSTEE

/s/ KRISPEN S. CARROLL-mg
Krispen S. Carroll (P49817)
719 Griswold Street, Ste 1100
Detroit, MI 48226
(313) 962-5035
notice@det13ksc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:  
BRANDON L HEITMANN

CHAPTER 13  
CASE NO. 24-41956-MAR  
JUDGE MARK A RANDON

Debtor _____/

## CERTIFICATE OF MAILING

I hereby certify that on the date indicated below, I electronically filed TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> ROBERT N BASSEL  
> P O BOX T  
> CLINTON, MI 49236

July 12, 2024

/s/ Shannon Horton  
_____  
SHANNON HORTON  
For the Office of the Chapter 13 Trustee-Detroit  
719 Griswold Street, Ste 1100  
Detroit, MI 48226  
(313) 962-5035  
notice@det13ksc.com