IN RE:

**BRANDON HEITMANN**

Case No. 24-41956-mar
Chapter 13
Hon. Mark A. Randon

**Debtor**

_____ /

**Robert N. Bassel (P48420)**
**Attorney for Debtor Heitmann**
**P.O. Box T**
**Clinton, MI 49236-0000**
**(248) 677-1234**
bbassel@gmail.com

**LAW OFFICES OF JOHN F. HARRINGTON**
**BY: John F. Harrington (P40443)**
**Attorney for Creditors Alex Boyd and Rebeccca Boyd**
**30500 Van Dyke Ave., Ste. 200**
**Warren, MI 48093**
**(586) 751-3610**
attysharrington@comcast.net

_____ /

### ANSWER TO DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY

NOW COMES the Creditors, Alex Boyd and Rebecca Boyd, by and through the Law Offices of John F. Harrington, and by way of Answer to Debtor Barndon Heitmann's Motion to Enforce Automatic Stay and Related Relief, hereby states as follows:

1. That, in response to the compound allegations contained in this paragraph, Creditors Alex Boyd and Rebecca Boyd, (hereinafter "Boyds"), deny the same as untrue.

2. That, in response to the allegations contained in this paragraph, Boyds admit the same.

3. That, in response to the allegations contained in this paragraph, Boyds admit the same.

4. That, in response to the allegations contained in this paragraph, Boyds admit the same.

5. That, in response to the allegations contained in this paragraph, Boyds admit the same.

−1−

6. That, in response to the compound allegations contained in this paragraph, concerning an email from 27 months ago, long before Debtor filed his Chapter 13 Bankruptcy Petition, Boyds deny "threatening" Debtor's ability to work.

7. That, in response to the compound allegations contained in this paragraph, Boyds deny the same as untrue. At no time did the Boyds attempt to "coerce" payment from the Debtor, nor did the Boyds ever attempt to prevent Debtor or his now wife from obtaining customers. Moreover, the Boyds never "expanded" their website, titled "Our Pool Story"; rather, as highlighted by the Debtor, all the Boyds did was relate information contained in public records, to wit: Debtor filed a Chapter 13 Bankruptcy petition and is now an employee of his wife at her newly opened landscaping company.

8. That, in response to the compound allegations contained in this paragraph, Boyds deny the same as untrue.

9. That, in response to the allegations contained in this paragraph, Boyds admit the same as true.

10. That, in response to the compound allegations contained in this paragraph, Boyds admit the same as true.

11. That, in response to the compound allegations contained in this paragraph, Boyds admit the same as true.

12. That, in response to the compound allegations contained in this paragraph, Boyds admit that Alex Boyd is a software engineer, but deny the balance of the allegations as untrue.

13. That, in response to the compound allegations contained in this paragraph, Boyds deny the same as untrue.

14. That, in response to the allegations contained in this paragraph, Boyds admit the same as

–2–

true.

15. That, in response to the compound allegations contained in this paragraph, Boyds deny the same as untrue.

16. That, in response to the compound allegations contained in this paragraph, Boyds admit the same as true.

17. That, in response to the allegations contained in this paragraph, Boyds deny the same as untrue.

18. That, in response to the allegations contained in this paragraph, Boyds deny the same as untrue.

19. That, in response to the allegations contained in this paragraph, Boyds deny the same as untrue.

WHEREFORE. Creditors, Alex Boyd and Rebecca Boyd, hereby requests that this Honorable Court deny Debtor Brandon Heitmann's Motion to Enforce Automatic Saty and for Related Relief, as well as imposed sanctions against the Debtor for having to respond to this blatantly frivolous and meritless pleading.

LAW OFFICES OF JOHN F. HARRINGTON

Date: September 28, 2024

By: /s/ John F. Harrington
John F. Harrington (P40443)
Attorney for Plaintiffs,
30500 Van Dyke Avenue, Suite 200
Warren, Michigan 48093
(586) 751-3610 phone/(586) 751-3612 fax
attysharrington@comcast.net

—3—

IN RE:

BRANDON HEITMANN                                    Case No. 24-41956-mar
                                                    Chapter 13
                                                    Hon. Mark A. Randon

      Debtor

_____/

**Robert N. Bassel (P48420)**
**Attorney for Debtor Heitmann**
**P.O. Box T**
**Clinton, MI 49236-0000**
**(248) 677-1234**
bbassel@gmail.com

**LAW OFFICES OF JOHN F. HARRINGTON**
**BY: John F. Harrington (P40443)**
**Attorney for Creditors Alex Boyd and Rebeccca Boyd**
**30500 Van Dyke Ave., Ste. 200**
**Warren, MI 48093**
**(586) 751-3610**
attysharrington@comcast.net

_____/

## BRIEF IN SUPPORT OF CREDITOR BOYDS ANSWER TO DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY

### Statement of Facts

In Debtor Brandon Heitmann's Motion asserting violations of the Automatic Stay by Creditors Alex Boyd and Rebecca Boyd, (hereinafter the "Boyds"), the Debtor fails to relate all of the past torturous yet relevant history between these parties and others. As such, the Boyds will attempt to do so in as cursory manner possible.

As the Court is already aware, in May, 2021, the Boyds retained the services of Exigent Landscaping, LLC, to install an in-ground swimming pool at the residence in Macomb Township, for $130,000.00. Both Exigent Landscaping, LLC, and its sole member, Debtor herein, were not

–4–

licensed residential builders, as mandated by Michigan law. Not surprising, the project was replete with substantial defects, necessitating removal of the pool.

In 2022, due to a mandatory arbitration provision in the contract between the Boyds and Exigent Landscaping, LLC, the Boyds commenced a claim against Exigent Landscaping, LLC, through the American Arbitration Association. That proceeding came to a halt after Exigent Landscaping filed for bankruptcy on August 7, 2023.

Meanwhile, in 2022, more than two and a half years before the Debtor filed his current Chapter 13 Petition, the Boyds created a website to voice their difficulties with Exigent Landscaping, titled exigentdesignandbuild.com. In it, the Boyds essentially chronicled their difficulties with Exigent.

In his Motion, the Debtor conflagrates himself, Exigent Landscaping, LLC, his wife Amanda Pisarski (who is also a Creditor), and her new business, Resilient Outdoor Living, which only has been in existence for approximately six months. However, a closer and complete analysis of all pertinent facts and law shows that the Debtor's presentation is woefully deficient.

A very important fact that Debtor fails to mention is that this is not the first time he has tried to shutdown the Boyds website. On November 7, 2022, both the Debtor and Exigent Landscaping filed a lawsuit against the Boyds in the Macomb County Circuit Court, (Case No. 22-004225-NZ), alleging that the Boyds, through their website, caused economic injury to both Exigent Landscaping and Brandon Heitmann, just as the Debtor has alleged in this current Motion. (Not surprisingly, the Debtor failed to list this prior lawsuit in his Schedules.) (See Exhibit A)

However, that lawsuit was dismissed by way of stipulation, with prejudice, on June 14, 2023. There was no "settlement"; rather Exigent Landscaping and Debtor simply agreed to dismiss their case against the Boyds and thus avoid the seeking of sanctions by the Boyds. As a result, any assertion that Debtor suffered damages was deemed adjudicated on its merits. Moreover, the Boyds

–5–

were allowed to continue their operating website, which has now evolved into "Our Pool Story".

Now, 15 months after dismissal of the Debtor's Macomb County Circuit Court case, as well as 13 months after Exigent Landscaping filed bankruptcy, and 163 days after Debtor filed his Chapter 13 Petition, Debtor is attempting to resurrect these same meritless arguments, now under the guise that the Boyds have violated the Automatic Stay. While there is a slightly different analysis, the same outcome must occur as happened in the prior case, which, again, the Debtor conveniently failed to mention to this Court.

A major misstatement by the Debtor is in paragraph five of his Motion, wherein he claims that the Boyds are demanding payment from Debtor. That has never happened. More than two years ago, the Boyds demanded a refund from Exigent, but never directly from Debtor, and not against Exigent Landscaping since it filed for bankruptcy on August 7, 2023.

Secondly, since the dismissal of the aforementioned Macomb County case, the Boyds have been very careful about the content of the website. In fact, as noted by Debtor, all the Boyds has stated on the website is that Exigent "is in the midst of a Chapter 7 bankruptcy. Brandon, who has found himself in a Chapter 13 bankruptcy, is now employed by his wife, Amanda Heitmann (aka Amanda Pisarski), at her new landscaping company Resilient Outdoor Living!". The Boyds simply recited public records, with no demands for payment; no attempts at coercion; and no effort to dissuade customers from doing business with a non-party, Resilient Outdoor Living.

To allege that this simply statement is an attempt "… to deter the public from doing business with Debtor, and his wife's company," is an incredible leap of faith that is without merit and defies common sense. This is especially true as Resilient Outdoor Living is not the debtor. In fact, its owner, the Debtor's wife, is also a Creditor!

Another key factor, as well as misstatement to this Court, is the assertion that the Boyds somehow manipulate the internet to push their website to the top of any search of the Debtor. First

—6—

of all, neither Alex nor Rebecca Boyd posses such a skill. Secondly, it simply is not true. Attached is a sample of a Google search of "Brandon Heitmann". What is revealed is that the Boyds website is on page five, not at the top of the first page, as presented by Debtor.

On the contrary, on the five pages before the Boyds website are countless other entries of Brandon Heitmann, most, if not all, of which are highly unfavorable and otherwise paint the Debtor in a very negative light. (See Exhibit B). Needless to say, all of the Google entries are independent of anything that the Boyds may have mentioned online.

For example, ahead of the Boyds "Our Pool Story" on Google, are various newspaper and television news stories about the Debtor, commenting on his numerous civil and criminal legal cases; a YouTube video from Debtor's former attorney talking about the Debtor's legal problems; the posting on Instagram by Debtor of the discovery in the prior cases with the Boyds; negative rating by the Better Business Bureau; as well as many other former customers of Exigent Landscaping posting their difficulties with Exigent and Debtor, including Creditor, Joe Regalado, whom Debtor paid a substantial sum of money just days prior to filing his Chapter 13 Petition on February 29, 2024, yet made no mention of it in his Schedules.

Needless to say, for Debtor to allege that the Boyds comparatively mild website has caused him and his non-party employer injury, in light of the voluminous negative information about the Debtor posted by others on the internet, is simply untrue.

Finally, the Debtor's Claims, in paragraph 18 of his Motion, that the Boyds website "appears designed to crush Debtor's ability to fund a chapter 13 plan, coerce a settlement, and taint the jury pool," is, again, refuted by the actual facts. This is made most acute by the Trustee's September 4, 2024 Supplement Objections to the Debtor' proposed Plan, detailing all of the Debtor's shortcomings, none of which could possibly be attributable to the Boyds, let alone their website.

While the Boyds most likely are the Debtor's least favorite Creditor, the facts do not support

–7–

the Debtor's Motion.

## LEGAL ARGUMENTS

### Standard of Review

The automatic stay provision of 11 USC Sec. 362(a), among other things, prohibits:

(1)     the…continuation…of a judicial, administrative, or other action of proceeding against the debtor that was …commenced before the commencement of the case, or to recover a claim against the debtor that arose before the commencement of the case.
(2)     the enforcement, against the debtor…of a judgment obtained before the commencement of the case.

### Boyds actions did not constitute an attempt to collect a pre-petition debt

Without much debate, the underlying facts alleged by Debtor do not arise to a violation of the automatic stay by the Boyds.

"Mere words, although conceivably disparaging or denigrating, without a clearly manifested attempt to recover on a prepetition claim (Sec. 362(a)(1), to enforce a prepetition judgment (Sec. 362(a)(2), or to accomplish any other act expressly proscribed by the several subsections under Sec. 362(a), is insufficient to satisfy the elements of Sec. 362(h). Gordon v. Dennis Burlin Sales, Inc., 174 BR 257 (Bankr. N.D. Ohio 1994); See also, In re Outlaw, 66 BR 413 (Bankr. E.D. N.C. 1986)

Furthermore,"… in order for Sec. 362 to constitutionally curtail "harassing speech", the speech must be truly obstructive to the judicial process. Annoying behavior is not enough. Gordon, supra.

Similarly, in Rosco v. Lockhart, PROC. No. 14-1071 (Bankr. N.D. Ind. Jun. 1, 2015), the creditor's created a public Facebook page with vehemently angry commentary, as well as the creditor's made a Craigslist post warning others to be wary of the debtors. However, neither action constituted an attempt to collect or enforce a pre-petition debt, thus did not violate the automatic stay. In Matter of National Service Corp., 742 F.2d 859 (5th 1984), it was held that a

—8—

bankruptcy court could not prohibit a creditor from publicizing debtor's bankruptcy and that it could not pay its bills. Moreover, parking a truck bearing the message that the debtor did not pay its suppliers outside debtor's place of business, did not violate the automatic stay. Stonegate Security Services, Ltd., 56 BR 1014 (D. N.D. Ill. 1986).

Nothing that the Debtor herein has brought to this Court's attention comes anywhere close to the behavior of creditors in the aforementioned cases, where there was no finding of a violation of the automatic stay. Accordingly, on this basis alone, this Court most deny Debtor's Motion.

### The Free Speech protection of the First Amendment allow for Boyds actions

The freedom of speech protections applies in bankruptcy proceedings that likewise preclude Debtors Motion.

As noted above, in order for Sec. 362 to constitutionally curtail "harassing" speech, the speech must be truly obstructive, i.e., it must amount to conduct that seriously and effectively interferes with the judicial process itself or presents a clear and present danger of doing so and involves no, or at least limited, First Amendment interest. It is not enough that the behavior is annoying or even has an adverse effect on someone's business. Organization for a Better Austin v. Keefe, 402 US 415 (1971) Prior restraints, such as suggested by Debtor's proposed application of the automatic stay, impose a heavy presumption against their constitutional validity. National Service, Supra

In National Service, it was held that an order prohibiting a creditor from disseminating its message simply because it might damage Debtor does not warrant a prior restraint. Id. At best, the only "threat" from the Boyds website is that other consumers would become familiar with Debtor's bankruptcy. The desire of the Debtor in being free from public criticism of his business

–9–

practices did not warrant use of a prior restraint on free speech. Id, See also NCAAP v. Claiborne Hardware Co., 458 US 886 (1982).

As a result, the First Amendment protections of free speech applies to the Boyds conduct and precludes granting of Debtor's Motion.

## Automatic Stay Provisions Do Not Apply To Debtor's Employer

In making a deeper analysis of Debtor's Motion, what he is truly attempting to do is apply the automatic stay provisions of Sec. 362 to his current "employer", Resilient Outdoor Living, a company "owned" by his wife Amanda Pisarski, aka Amanda Heitmann. While it is highly suspect as to what Mrs. Heitmann actually does at this business, the fact remains that the automatic stay provisions for Debtor do not expand to his employer. (It is also interesting to note that Amanda Pisarski is a Creditor in his husband's Chapter 13 case, as she is in the ongoing Chapter 7 bankruptcy of Exigent Landscaping, LLC, wherein her attorney is the Debtor's attorney in this case.)

In any event, despite this peculiarity, Sec. 362 does not apply to Resilient Outdoor Living.

In Patton v. Bearden, 8 F. 3d 343 (6th Cir. 1993), wherein the issue concerned whether the individual partners to a bankrupt partnership are entitled to the protections of Sec. 362, it was held:

> … the stay of Sec. 362 is extremely broad in scope…and should apply to almost any type of formal or informal action against the debtor or the property of the estate…the stay does not extend, however, to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation. Id., p. 349

Needless to say, if the precedent case law precludes extending automatic stay protections to partners of a debtor partnership, it most certainly does not apply to an employer of a Debtor.

−10−

Furthermore, the Debtor has failed to even argue that the "unusual circumstances" exception applies, thus the Boyds are hesitant to even raise this point, but assuming this Court were to even consider it, this Court must determine if such "unusual" circumstances exist to possibly extend the automatic stay to non-debtors, and after doing, then conduct an evidentiary hearing to extend the automatic stay under its equity jurisdiction pursuant to 11 USC 105. Id., p. 349.

Assuming arguendo that there has been a potential violation of the automatic stay, which, as set forth in the prior arguments, there is not, the Debtor nonetheless has not brought forth any evidence of unusual circumstances that would justify extending the automatic stay to non-debtor Resilient Outdoor Living.

## CONCLUSION

In summary, the Debtor's Motion must fail for numerous reasons. First, the "facts" as presented by the Debtor are stale, embellished, or outright false. Moreover, the Debtor blatantly conflagrates himself; his former business Exigent Landscaping, LLC; his wife, Amanda Pisarski aka Amanda Heitmann; and his new employer, Resilient Outdoor Living.

Undeniably, at no time after Debtor filed his Chapter 13 Petition on February 29, 2024, have the Boyds engaged in any activity that could possibly be construed as an attempt to collect any money from Debtor.

Second, this latest effort by Debtor was already unsuccessful in 2022-2023 in the

–11–

Macomb County Circuit Court, which was dismissed with prejudice. Any effort by the Debtor to resurrect the same arguments, under essentially the same factual circumstances, is prohibited by res judicata.

Third, the First Amendment protects the Boyds free speech rights. None of the exceptions apply, despite the reality that Debtor has not even raised them in his cursory Motion.

Fourth, it must be recognized that that true intent of the Debtor's Motion is extend the automatic stay provisions to non-debtor Resilient Outdoor Living. Even though the Debtor does not expressly so state in his Motion, this relief is very rare and only granted in unusual circumstances. However, the failure of the Debtor to address such threshold, in and of itself underscores how this effort to expand the automatic stay to non-debtors must be rejected.

Finally, it must be recognized that the true genesis of the Debtor's Motion is his abject dislike for the Boyds, whom Debtor clearly blames for his being held accountable for engaging in such egregious misconduct. This Court must recognize the complete lack of factual and legal support for Debtor's Motion, and, in so doing, impose sanctions against the Debtor for forcing the Boyds to incur the time, effort, and expense of having to respond to this frivolous Motion.

**LAW OFFICES OF JOHN F. HARRINGTON**

Date:  September 28, 2024

By: /s/ John F. Harrington
John F. Harrington (P40443)
Attorney for Plaintiffs,
30500 Van Dyke Avenue, Suite 200
Warren, Michigan 48093
(586) 751-3610 phone/(586) 751-3612 fax
attysharrington@comcast.net