UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 13
                                                             Case No. 24-41956
Brandon Heitmann,                           Hon. Mark A. Randon

               Debtor.

_____/

**FURTHER DEBTOR'S APPLICATION
TO EMPLOY KOTZ SANGSTER WYSOCKI, P.C. AS SPECIAL COUNSEL**

Debtor states,

1. Debtor requires the continued representation by legal counsel regarding 3 (three) pending civil actions, one of which is in the Bankruptcy Court as an adversary proceeding, <u>Saad v Debtor</u>, Adv. No. 24-04375-mar, and the two lawsuits in Macomb County Circuit Court, <u>Carter v Debtor, et al</u>,, Case No. 23-00365-CZ, and <u>Boyd v Debtor, et al,</u> Case No.. 23-003864-CZ(collectively, the "Litigation Matters").

2. In the above referenced actions, Debtor is an individually named Defendant.

3. The Chapter 13 Debtor desires to retain/maintain KOTZ SANGSTER WYSOCKI, P.C. ("Applicant") as primary counsel for the Litigation Matters, and believes that Applicant is qualified to render the foregoing services because of its experience. Current bankruptcy counsel, Robert Bassel, would act as co-counsel in the Litigation Matters because of the bankruptcy discharge aspects.

4. The current hourly rates being charged for Applicant's services are set forth in Tyler P. Phillips' verified declaration.

5. The Chapter 13 Debtor desires to employ Applicant with reasonable compensation and reimbursement of expenses to be determined by the Court. No compensation will be paid to the Applicant except upon application to and approval by the Court after notice and hearing or otherwise in accordance with procedures established by the Court to compensate professionals in this case.

6. Applicant does not represent any entity having an adverse interest in connection with the case of the Chapter 13 Debtor, is disinterested, and its retention is proper and appropriate. As noted in the accompanying declaration, Applicant represents Debtor's spouse in the state court matters as well as she is a named defendant, and previously represented Debtor's business, Exigent Landscaping, LLC, also a named defendant.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter the accompanying proposed Order employing Applicant as Chapter 13 Debtor's special counsel, and granting the Chapter 13 Debtor such further relief as this Court deems just.

                                  Respectfully submitted,

                                  Debtor

                                  /s/ Brandon Heitmann

DATED: October 10, 2024        Brandon Heitmann

Prepared by:
___/s/Robert N. Bassel_____
ROBERT N. BASSEL P48420
P.O. BOX T
CLINTON, MI 49236
248.677.1234
bbassel@gmail.com

In re:  Chapter 13
  Case No. 24-41956
Brandon Heitmann,  Hon. Mark A. Randon

   Debtor.
_____/

## ORDER GRANTING FURTHER APPLICATION OF THE DEBTOR TO EMPLOY KOTZ SANGSTER WYSOCKI, P.C. AS SPECIAL COUNSEL

Upon the Application Of The Debtor to Employ Special Counsel, it appearing that KOTZ SANGSTER WYSOCKI, P.C. is disinterested and has no interest adverse to the estate and sufficient cause exists to grant the application,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Application is granted subject to the requirements in the Application.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 13
                                                    Case No. 24-41956
Brandon Heitmann,                                   Hon. Mark A. Randon

        Debtor.

_____/

# VERIFIED DECLARATION
# OF TYLER P. PHILLIPS

Tyler P. Phillips declares:

1. I am an attorney experienced in civil litigation.

2. I currently charge $285.00 per hour for my legal services, and my colleague, Yousef Farraj, bills at $250.00 per hour. Paralegals are charged at $160.00 per hour.

3. To my knowledge, neither I nor my firm hold or represent any interest adverse to the interests of the Debtor or the estate in connection with the case. Moreover, we are disinterested as defined by §101(14).

4. Applicant does not represent any entity having an adverse interest in connection with the case of the Chapter 13 Debtor, is disinterested, and its retention is proper and appropriate.

5. I reviewed various databases to determine if I or my firm had any connections with any of the parties in interest in this case. My search uncovered no connections with any of the parties in interest in this case, other than we represent Debtor's spouse in the state court matters as well as she is a named defendant, and previously represented Debtor's business, Exigent Landscaping, LLC, also a previously named defendant.

6. Applicant does not represent any entity having an adverse interest in connection with the case of the Chapter 13 Debtor, is disinterested, and its retention is proper and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 10, 2024

*/s/ Tyler P. Phillips*
Tyler P. Phillips, Declarant