# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

Chapter 13

BRANDON HEITMANN,

Case No. 24-41956-MAR

Hon. Mark A. Randon

Debtor.

_____/

## OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY
## KOTZ SANGSTER WYSOCKI, P.C. AS SPECIAL COUNSEL

Mohamed Saad, Creditor ("Saad"), by his attorneys OSIPOV BIGELMAN, P.C., states as follows for his Objection to Debtor's Application to Employ Kotz Sangster Wysocki, P.C. as Special Counsel (ECF No. 93; "Application"):

In his Application, the Debtor, Brandon Heitmann ("Debtor") seeks to employ Tyler Phillips ("Phillips") of Kotz Sangster Wysocki, P.C. ("Kotz Sangster") to represent him in various matters, including *Saad v. Heitmann*, Adv. Proc. No. 24-04375 (presently pending before this Court). However, Phillips and Kotz Sangster have already appeared and participated in this case on behalf of a creditor, Debtor's wife, Amanda Pisarski ("Pisarski"). Phillips and Kotz Sangster represent a creditor, a party with an adverse interest to the Debtor and the estate, and they are, accordingly, ineligible to represent the Debtor in this matter.

### Background

Prior to filing this case, Debtor and his company, Exigent Landscaping, LLC

("Exigent"), defrauded numerous customers, including Saad, out of hundreds of thousands (if not millions) of dollars. Debtor and Exigent, falsely claiming to be licensed residential builders, convinced individuals to pay heavy sums for custom, high-end swimming pools. The work that Debtor and Exigent performed for Saad (and, upon information and belief, many other customers) was shoddy, incomplete, and even dangerous. Meanwhile, Debtor used his ill-gotten funds to live lavishly.

Debtor's house of cards eventually collapsed. As his schemes crumbled, Debtor filed bankruptcy for Exigent (Case No. 23-46912-tjt[1]), then commenced this personal Chapter 13 case.

Debtor filed schedules in this case (ECF No. 20), including Schedule E/F, listing his unsecured creditors. Debtor listed Pisarski, his wife, as a creditor, with an "Unknown" claim on account of "loans."

On September 3, 2024, Saad conducted a sworn examination of the Debtor pursuant to Fed. R. Bankr. P. 2004. Though not a party to the examination, Pisarski sought to attend. Saad permitted Pisarski's attendance, as a courtesy. At the examination, Pisarski was represented by counsel – attorney Phillips of Kotz Sangster, who participated on Pisarski's behalf.[2]

---

[1] Initially filed as a Chapter 11 case, Exigent's bankruptcy was subsequently converted to Chapter 7 at the request of the US Trustee and several defrauded customers).

[2] See attached Exhibit A – 2004 Examination Transcript:
Page 3 –        "MR. TYLER P. PHILLIPS  P78280
               Kotz, Sangster & Wysocki, P.C.
               ***

## The Application

Debtor seeks, though his Application, to employ his wife's attorneys, Phillips and Kotz Sangster to represent him before this Court and in pending state court litigation. The Application specifies that compensation would be contingent upon Court approval, presumably pursuant to 11 U.S.C. § 330 and Fed. R. Bank. P. 2016 and subject to the limitations of 11 U.S.C. § 328.

The Application states, **"Applicant [Kotz Sangster] does not represent any entity having an adverse interest in connection with the case of the Chapter 13 Debtor, is disinterested, and its retention is proper and appropriate."** This representation is false. Kotz Sangster represents and has appeared on behalf of Pisarski, a creditor, *in this case*.[3]

In support of his Application, Debtor attached a "Verified Declaration of Tyler P. Phillips." Phillips's declarations, made "under penalty of perjury," are littered with falsehoods.

Phillips states: **"To my knowledge, neither I nor my firm hold or represent any interest adverse to the interests of the Debtor or the estate in connection**

---

Appearing on behalf of Mrs. Heitmann [Pisarski]"

Page 6 -     "MR PHILLIPS: Tyler Phillips, P78280, representing Mrs. Heitmann [Pisarski]."

[3] While the Debtor acknowledges "Applicant represents Debtor's spouse in the state court matters," he conceals the fact that his spouse *is a creditor in this case* and that Applicant has already participated in this case on her behalf.

**with the case.**"[4]  This is plainly false – Kotz Sangster represents and has appeared on behalf of Pisarksi, a creditor, who holds an interest "adverse to the interests of the Debtor or the estate."

Phillips then repeats the false allegation from the Application, claiming that **"Applicant does not represent any entity having an adverse interest in connection with the case of the Chapter 13 Debtor, is disinterested, and its retention is proper and appropriate."**[5]

Phillips's statements are a serious and troubling breach of his duty of candor,[6] particularly where he signed such false statements under penalty of perjury.

### Impermissible Conflict of Interest

Rule 1.7(b) of the Michigan Rules of Professional Conduct provides,

. . . .

(b)     A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)     the lawyer reasonably believes the representation will not be adversely affected; and

---

[4] Declaration, Paragraph 3.
[5] Phillips actually makes this representation *twice* – at Paragraph 4 of his Declaration and, inexplicably, repeated word for word at Paragraph 6.  It is false both times.
[6] See Rule 3.3(a)(1) of the Michigan Rules of Professional Conduct, "A lawyer shall not knowingly make a false statement of material fact or law to a tribunal . . ."

(2)    the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Kotz Sangster is not disinterested.  Its representation of Pisarski, a creditor, is directly adverse to the interests of its purported client, the Debtor.  Its retention is neither proper nor appropriate.  Even if Debtor and Pisarski consented to waive the conflict (and there is no evidence that they have), Kotz Sangster could not *reasonably* believe that its representation would not be adversely affected.  This is especially concerning in light of Debtor's, Phillips's, and Kotz Sangster's knowing and flagrant misrepresentations to this Court.

WHEREFORE, Mohamed Saad, Creditor, respectfully requests that the Application be denied and that the Court grant such other relief as may be necessary and appropriate under the circumstances.

Dated:    October 11, 2024          Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

/s/    Anthony J. Miller
YULIY OSIPOV (P59486)
ANTHONY J. MILLER (P71505)
Attorneys for Creditor Saad
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
(248) 663-1800
yo@osbig.com / am@osbig.com