UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

  Brandon Heitmann                                       Case No. 24-41956
                                                                     Chapter 13
  Debtor                                                          Hon. Mark Randon

_____/

**REPLY IN SUPPORT OF
DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY AND FOR
RELATED RELIEF**

Debtor states,

1.    **Introduction**

The Boyds' (hereafter "Creditors") response fails to address the core issue: their ongoing willful violation of the automatic stay through the continued operation of a website intended to harm the Debtor's ability to earn a living and fund his Chapter 13 plan. Their arguments mischaracterize the facts, misapply the relevant law, and attempt to distract from their improper conduct. This Court should enforce the automatic stay to prevent further irreparable injury to the Debtor's livelihood.

**1. The Creditors' Violation of the Automatic Stay**

The Creditors assert their website does not constitute an attempt to collect a prepetition debt, but this ignores the practical and intended effect of their actions. The website actively interferes with the Debtor's ability to earn income—income that is critical to funding the Chapter 13 plan. Under 11 U.S.C. § 362(a), the automatic stay is meant to protect the Debtor and the chapter 13 estate from collection related activities that affect property of the estate, the debtor's ability to

1

reorganize, or the administration of the case. As detailed in the debtor's motion, the Creditors' website is not simply a forum for free speech; it has the intended effect of coercing a settlement by tarnishing the Debtor's reputation and deterring potential customers of his employer (his wife's business). To argue that their actions are not directed at the Debtor but are solely directed at the Debtor's former employer, Exigent—which is no longer in business and is the subject of a Chapter 7 bankruptcy—is misleading and ignores the coercive nature of the website.

**2. Website Activity as a Form of Collection**

Although the Creditors claim they have not directly demanded payment from the Debtor since the bankruptcy filing, their actions are coercive. The website's allegations, coupled with its clear intent to harm the Debtor's reputation and business, constitute an indirect attempt to pressure the Debtor into resolving a prepetition debt. Such conduct is a recognized form of indirect collection activity and violates the stay, as case law confirms.[1]

---

[1] See In re Wallen, Case No. 18-30667(Bankr. E.D. Tenn. 2020)()(available at https://www.tneb.uscourts.gov/sites/tneb/files/opinions/06-16-2020_wallen_18-30667.pdf0.; "Based on the evidence, the Court concludes that the purpose for posting the Deadbeat List was to embarrass and coerce the named individuals into paying their past-due accounts...In In re Andrus, 189 B.R. 413 (N.D. Ill. 1995), a creditor appealed the bankruptcy court's finding that his posting of large signs near the debtor's home violated the discharge injunction. The signs read: "...GENE ANDRUS WENT BANKRUPTCY! HE DIDN'T PAY HIS BILLS. HE IS A DEADBEAT! THIS IS A PUBLIC SERVICE ANNOUNCEMENT." In addition to the signs, the creditor left "a harassing and vulgar" message on the debtor's answering machine and threatened to ruin the debtor's reputation in the community unless he paid the discharged debt, and he shouted threats to the debtor's spouse from his yard. Id. at 415. Here, although Morristown Tire's actions were not as egregious as the actions in Andrus, the Court has already determined that the creditor posted the Deadbeat List for the purpose of embarrassing or coercing those on it, including Debtor, to repay the debts in violation of the automatic stay. Thus, the Deadbeat List constitutes a violation of the discharge injunction as well.").

Refusing to take down the website after the bankruptcy filing constitutes a continuation of prepetition actions proscribed by cases such as In re Manuel, Case No. 14-53487, 5-6 (Bankr. E.D. Mich. Dec 24, 2014).

**3. Res Judicata Does Not Apply**

The Creditors' reliance on res judicata is misplaced. The Creditors argue that the debtor is attempting to resurrect claims that were dismissed with prejudice prepetition in a state court case. The state court's dismissal of prior claims is irrelevant to the current proceedings, which concern violations of the automatic stay, which did not exist when the state court action was dismissed. The Creditors' extensive discussion of a prior dismissed lawsuit is a red herring. The current motion concerns their ongoing conduct post-petition, which constitutes a new and separate violation of the automatic stay. The dismissal of a pre-petition lawsuit has no bearing on whether their current actions violate the stay.

**4. First Amendment Defense Misapplied**

The Creditors attempt to cloak their actions under the First Amendment, but this argument is flawed. The Debtor's motion does not seek to silence free speech generally; it targets specific conduct of creating and maintaining a website designed to harm the debtor's ability to work and manage his debts and to coerce a settlement. Courts have recognized that free speech does not shield actions designed to violate the automatic stay or circumvent bankruptcy protections. Courts have held that the automatic stay can restrict certain forms of speech when it amounts to an attempt to collect a debt or interfere with the bankruptcy process. The cases cited by the Creditors are distinguishable, as they involved more limited and less

3

24-41956-mar    Doc 99    Filed 10/21/24    Entered 10/21/24 09:10:53    Page 3 of 6

targeted speech without conduct than the Creditors' comprehensive website campaign against the Debtor.

**5. Mischaracterization of Website Content and Intent**

The Creditors claim their website merely recites public records without any attempt to collect a debt or harm the Debtor. This is demonstrably false. The website goes far beyond simply stating facts, and includes:

- Detailed allegations of misconduct against the Debtor
- Warnings to potential customers not to do business with the Debtor or his current employer (his wife's company)
- Calls for others to share negative experiences about the Debtor

The clear intent is to damage the Debtor's reputation and business prospects, not merely share information. While the First Amendment does protect free speech, it does not extend to coercive conduct that is aimed at circumventing the bankruptcy process or pressuring the debtor to pay a pre-petition debt. The automatic stay prohibits actions that interfere with the debtor's reorganization, even if those actions involve speech.

**6. Impact on the Debtor's Chapter 13 Plan**

The Creditors argue their website has not impacted the debtor's ability to fund the Chapter 13 plan, citing the trustee's objections to the plan as being unrelated to the website. However, the central point remains that the Creditors' website is causing significant damage to the debtor's and his wife's ability to secure clients, which directly affects the debtor's ability (and his wife's ability as a contributing non-debtor spouse) to make payments under the Chapter 13 plan. Whether other factors also affect the plan does not absolve the Creditors from their role in exacerbating the debtor's financial difficulties.

### 7. The Targeting and Effect on Debtor's Employer

The Creditors' website explicitly names and targets the Debtor's current employer in an attempt to harm the Debtor's ability to earn income. The Creditors assert that the automatic stay does not extend to the debtor's employer, Resilient Outdoor Living. However, their website's targeting of the employer is clearly an attempt to indirectly pressure the Debtor by attacking his source of income. This is in violation of the automatic stay.[2]

Debtor's spouse is the owner of Debtor's employer, and she assists in funding Debtor's chapter 13 plan as a non-filing spouse. The employer's revenue is vital to the debtor's Chapter 13 plan, as both the debtor and his spouse rely on that income to meet plan obligations. Given that the Creditors' website specifically interferes with this source of income, it is in violation of the automatic stay.

### 8. Conclusion

The Creditors' response fails to justify their ongoing violation of the automatic stay. Their website goes far beyond protected speech and constitutes a deliberate attempt to interfere with the Debtor's fresh start and ability to fund his Chapter 13 plan. The Court should grant the Debtor's motion to enforce the automatic stay and order the Creditors to cease their improper conduct.

---

[2] See e.g. In re Brilliant Glass, Inc., 99 B.R. 16, 17 (Bankr. C.D. Cal. 1988)("The legislative history supports a broad construction of the language in § 362(a)(6). The "act" need not be taken directly against the debtor so long as its purpose is clearly to attempt to collect a claim against the debtor. In this case, a variety of circumstances reveals that Streamline's actions against the consignees were designed to force the debtor to pay its debt.").

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

DATED: 10/21/2024