UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Chapter 13
                                                        Case No. 24-41956
Brandon Heitmann,                            Hon. Mark A. Randon
                Debtor.
_____/

**REPLY IN SUPPORT OF FURTHER DEBTOR'S APPLICATION
TO EMPLOY KOTZ SANGSTER WYSOCKI, P.C. AS SPECIAL COUNSEL**

Debtor states,

1. Creditor Saad, who is the plaintiff in the lawsuit for which Debtor seeks special litigation counsel, has objected to the Debtor's application to employ Kotz Sangster. Creditor Saad's objections, and Debtor's responses are set forth below:

**A. Debtor's spouse is not a creditor of the Debtor.**

Creditor Saad alleges that Debtor's spouse is a creditor of the Debtor and thus there is some conflict of interest for Kotz Sangster to represent Debtor in the state court remanded matters and the Saad adversary. This is untrue. Though Debtor's wife was scheduled as a creditor being owed an unknown amount, she did not believe that she was owed money by Debtor and did not file a proof of claim. The proof of claim bar date has passed, and she is not a creditor of the Debtor and not entitled to any estate monies as a creditor. There is no potential conflict of interest in Kotz Sangster representing Debtor in the Saad adversary and the state court remanded matters. Kotz Sangster had represented Debtor and Debtor's spouse prepetition in the state court removed matters. Having the same primary litigation counsel in the state court matters, both prepetition and postpetition, and the Saad adversary, will minimize legal expenses. The fees of Kotz Sangster will

continue to be paid by non-debtor parties and not by Debtor or Debtor's spouse, and thus the bankruptcy estate and the marital estate are not being negatively impacted.

**B.     Debtor and Kotz Sangster disclosed that Kotz Sangster also represents Debtor's spouse.**

Creditor Saad alleges that Debtor and Kotz Sangster didn't disclose that Kotz Sangster also represents Debtor's spouse. This is untrue as well. Debtor stated in the original application to employ Kotz Sangster [ECF 38] filed on 5.2.2024 and the further application to employ Kotz Sangster [ECF 93] filed on 10.10.2024 that

> 6. Applicant does not represent any entity having an adverse interest in connection with the case of the Chapter 13 Debtor, is disinterested, and its retention is proper and appropriate. As noted in the accompanying declaration, Applicant represents Debtor's spouse in the state court matters as well as she is a named defendant, and previously represented Debtor's business, Exigent Landscaping, LLC, also a named defendant.

Moreover, Kotz Sangster, through Tyler Phillips, also represented in the original application to employ Kotz Sanster and the further Application to Employ Kotz Sangster that

> 5. I reviewed various databases to determine if I or my firm had any connections with any of the parties in interest in this case. My search uncovered no connections with any of the parties in interest in this case, other than we represent Debtor's spouse in the state court matters as well as she is a named defendant, and previously represented Debtor's business, Exigent Landscaping, LLC, also a previously named defendant.

C. Even if she was a creditor, Kotz Sangster is being retained as special counsel to co-counsel with current Debtor's counsel in the State Court remanded matters and the Saad adversary proceeding. The interests of Debtor and his spouse are aligned in the State Court matters and in the bankruptcy. Debtor and his spouse do not believe that Debtor or his spouse have any liability in the state court remanded matters or the Saad adversary proceeding. They both consent to Kotz Sangster's joint representation as they had prepetition when Kotz Sangster represented them in the state court matters. They have a unified marital interest and desire the same outcome. Having current Debtor's counsel as co-counsel adds a guardrail or safeguard to the extent one is needed.

Respectfully submitted,

/s/ Robert N. Bassel
Robert N Bassel (P48420)
P O Box T
Attorney for Debtor
Clinton, MI 49236
248.677.1234
bbassel@gmail.com