UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the Matter of:

  Brandon Heitmann                                        Case No. 24-41956
                                                                            Chapter 13
  Debtor                                                      Hon. Mark Randon

_____/

Debtor's Chapter 13 Confirmation Hearing Certificate for December 4., 2024.
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. ___ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    Trustee Objections:
    Issues:

    Creditor # 1:
    Objections:
    Issues:

    Creditor # 2:
    Objections:
    Issues:

3. _x_ Request an adjournment of the confirmation hearing to _[approximately 56 days], due to the following good cause:
    Debtor has filed his amended 2021 tax return, which the IRS is processing. Upon information and belief, the amount of the IRS proof of claim will be approximately $22,293 less offsets of $17,705 = $4,588. Upon information and belief, it will take some time for the IRS to process the amended return and file an amended proof of claim

consistent with the amendment and the offsets. Debtor believes that there will be sufficient funding from his Second Amended Chapter 13 Plan [ECF 65] to pay the IRS priority claim. The objection by the lender for Debtor's principal residence, Associated Bank appears to be resolved by inclusion in the Debtor's Second Amended Plan of language regarding Associated Bank's treatment in Class 5.5.

      Debtor has also amended his income and expense schedules to take into account his earnings and his non-filing spouse's earnings for May, June and July 2024 from his wife's newly formed business which employs Debtor and his non-filing spouse. Debtor was able to increase the monthly payment under the Second Amended Plan. Creditor Saad's motion to dismiss raised similar objections to the Trustee's objections to confirmation,, and Debtor is hopeful that the Chapter 13 Trustee's objections will be resolved, whether in total or partially, upon the filing of the amended proof of claim by the IRS and a review of Debtor's response to the motion to dismiss filed by Creditor Saad.

4. \_\_\_ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 7 days.]

5. \_\_\_ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

      Respectfully submitted
By: /s/ Robert N. Bassel
Robert N. Bassel (P 48420)
Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
248.677-1234
bbassel@gmail.com