UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Chapter 13
	Case No. 24-41956
Brandon Heitmann,	Hon. Mark A. Randon
        Debtor.
_____/

**DEBTOR'S STATUS REPORT ON PENDING MOTIONS AND MATTERS BEFORE THE COURT ON DECEMBER 18, 2024**

Debtor states as to the status of the 3 pending matters before the Court on 12.18.2024.

1. **Debtor's application to employ Kotz Sangster as special counsel.**

Debtor has prepared the proposed Order that comports with the discussion at the prior hearing, will file the stipulation in support of entry of the proposed Order, an amended verified declaration of Kotz Sangster through Tyler Phillips, and a Declaration by Debtor's spouse indicating she has no claims against the Debtor and that if she did, they are being waived. The guts of the proposed Order follows:

> "NOW, THEREFORE, IT IS HEREBY ORDERED that the Application is granted subject to the requirements in the Application, and subject to the following: During the pendency of the chapter 13 bankruptcy case, Guarantor shall pay all legal fees and expenses of Kotz Sangster, and neither Debtor nor his spouse nor her company, Resilient Outdoor Living, shall pay those legal fees and expenses, and Guarantor shall not seek reimbursement or contribution from the bankruptcy estate or from the debtor or debtor's spouse or her company, Resilient Outdoor Living."

2. **Confirmation Hearing**

The Trustee has supplied a summary of the Trustee's objections to confirmation. A description of the Trustee's specific issues referenced in the Summary and the Debtor's response follows:

A. The State of Michigan has filed a Notice of Unfiled Returns for the 2022 return which has not been withdrawn.

**Debtor's counsel contacted Heather Donald who represents the State of Michigan, and Ms. Donald indicated she was going to withdraw her Notice of Unfiled Returns.**

B. Verification of valuation for equipment.

**A table of the following equipment that Debtor owns follows, in addition to KBB snapshhots regarding valuation of the equipment for which Kelley Blue Book (KBB) provides valuations:**

| Equipment | Listed Value in Plan | Basis for Valuation |
|---|---|---|
| 2020 GMC 4500 Dump Truck | 30,000.00 | See accompanying KBB value for range of $22,183 to $25,943 (KBB did not have an option for a 4500 so used 3500 for most comparable model) |
| 2017 20 foot enclosed Look Trailer | 1,000.00 | based on damaged condition and work needed on it |
| Toro Dingo | 5,000.00 | based on damaged condition (hydraulic motor and extensive repairs) |
| GM Financial 2500 | 15000 | See accompanying KBB for $17,540 to $21,393; owe more to GM Financial per POC number 5-1 ($20,542.43 per POC). |
| Econoline Van | 400 | rusted and nonworking, salvage value |
| Box Truck | 400 | rusted and nonworking, salvage value |

**Dump truck valuation:**



**2019 Silverado valuation:**



C. Disclosure of prepetition settlement of prepetition claims by third party using third party funds

Debtor does not believe that a third party's settlement of prepetition claims against the Debtor and others, where the monies were not property of the Debtor or his spouse or of the estate, would need to be disclosed on the Schedules or Statement of Financial Affairs. As indicated in the response to the motion to dismiss filed by Creditor Saad, the fact of the Hebeka and Regalodo prepetition litigation was disclosed in the Statement of Financial Affairs question number 9:

| Case title / Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| REGALADO, JOE vs. Debtor, et al<br>2023-000982-CZ | | Macomb County Circuit Court | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| MARTIN, MATTHEW v Debtor, et al<br>2023-002737-CB | | Macomb Circuit Court | ☐ Pending<br>☐ On appeal<br>■ Concluded |

Official Form 107     Statement of Financial Affairs for Individuals Filing for Bankruptcy     page 3

Debtor 1   Brandon L. Heitmann     Case number (if known)   24-41956

| Case title / Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Jennifer Hernandez v Debtor<br>[dismissed] | | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| Joe and Angela Hebeka v Debtor | | | ☐ Pending<br>☐ On appeal<br>■ Concluded |

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

D. Income verification

Debtor has uploaded the recent pay stubs for both the debtor and his non-filing spouse, in addition to business bank statements to verify the household income.

E.  Amendment to Plan

**Debtor has filed a third amended plan to address what it believes are the Trustee's plan related issues, however, it appears that the reference in the third amended plan to a "GMAC Financial 2019 GMC 2500", should be "GMA~~C~~ Financial 2019 ~~GMC~~ *Silverado* 2500". Debtor will make the appropriate change.**

**Status of IRS Proof of Claim**

**Debtor transmitted his amended 2021 return, which was accepted by the IRS as indicated below:**
**T = Transmitted 6/28/24**
**F = Federal Return accepted by IRS 6/28/24**

It is Debtor's counsel's understanding that the IRS is in the process of amending their proof of claim as it relates to the 2021 personal tax obligations of Debtor. A copy of the most recent communication received by Debtor from the IRS directly indicates that a refund will be made, which will increase the ability of the Debtor to fund his chapter 13 plan.



**Payments to chapter 13 trustee**

     Debtor's records show that he has paid $6,324.24 into the chapter 13 trustee's account via TFS Online. The amount of the plan payments in the second and third amended plans were $481.06 per month. Plan payments would thus have been due for March through November for Debtor based

on his 2.29.2024 filing date, and thus the amount paid into the plan is more than the amount of the number of months times the plan payments under the second and third amended plan which would be 9 x 481.06 = 4329.54. Debtor's latest amended plan proposes that any plan arrearages based on the initial payment order be waived. The payments sent through TFS, which includes fees for TFS follow:

| To Trustee | |
|---|---|
| Amount | Date |
| $ 4,007.99 | 5/21/2024 |
| $ 201.99 | 6/13/2024 |
| $ 201.99 | 7/10/2024 |
| $ 201.99 | 8/12/2024 |
| $ 201.99 | 9/13/2024 |
| $ 1,049.17 | 10/15/2024 |
| $ 484.05 | 11/19/2024 |
| TOTAL | $ 6,349.17 |

3. Creditor Saad's Motion to Dismiss

Debtor believes that Creditor Saad's motion to dismiss raises factual issues which perhaps can be most efficiently handled at mediation with a mutually agreed to mediator. Based on undersigned counsel's experience, mediation is typically very highly effective and at less cost than full blown litigation. Debtor also disputes that there is any liability to Mr. Saad because he committed the first material breach of the agreement, that there is no violation of the Michigan Builders Trust Fund Act, etc. which are issues in the pending adversary proceeding.

Debtor does not believe that Creditor Saad will be able to meet its burden at the pending motion hearing, and that an evidentiary hearing would likely be required absent a successful mediation. In any event, the requested relief of a 2 year bar is beyond what the bankruptcy code would provide in 11 U.S.C. section 109(g).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | __/s/ Robert Bassel _____<br>ROBERT N. BASSEL (P48420)<br>Attorneys for Debtor<br>P.O. Box T<br>Clinton, MI 49236 |
| DATED: 12.18.2024 | (248) 677-1234<br>bbassel@gmail.com |