## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Chapter 13

BRANDON HEITMANN,

Case No. 24-41956-MAR

Hon. Mark A. Randon

Debtor.

_____/

## CREDITOR MOHAMED SAAD'S RESPONSE TO DEBTOR'S EXHBIT REGARDING EXCEEDING THE DEBT LIMIT UNDER 11 U.S.C. §109(E)

NOW COMES Mohamed Saad, "Creditor," by and through his attorneys, OSIPOV BIGELMAN, P.C., and objects to the Debtor's Brief and Exhibit [ECF No. 132 & 133] filed pursuant to the Court's Order [ECF No. 130] that required the Debtor to explain the debts valued at $0.00 or unknown on Schedules E/F, as follows:

1.  This Debtor does not qualify for Chapter 13 because, as of the Petition Date, his debts exceeded the enhanced $2,750,000.00 threshold proscribed by the Bankruptcy Threshold Adjustment and Technical Corrections Act of 2022.

2.  The scheduled and filed claims asserted against this Debtor are as follows:[1]

---

[1] Amounts listed correspond to the amounts on Debtor's schedules, except in such cases where a creditor has filed a proof of claim, in which case the amount listed is the amount included on such proof of claim. Amounts designated as "unscheduled" indicate a creditor that filed a proof of claim but did not appear on Debtor's schedules.

| Creditor | Schedules and filed claims |
|---|---|
| Associated Bank | $ 770,598.57 |
| Fifth Third Bank | $ 36,836.39 |
| GMC Financial | $ 20,542.33 |
| IRS | $ 157,272.80 |
| State of Michigan | $ 7,552.78 |
| 24 Capital | $ 183,000.00 |
| Alex and Rebecca Boyd | $ 300,000.00 |
| American Express | $ 450,000.00 |
| Caterpillar Financial | $ 7,000.00 |
| Citi Bank | $ - |
| Citizen's Bank | $ 71,341.03 |
| Connexus Credit Union | $ 163,794.44 |
| Daniel Carter | $ 300,000.00 |
| Discover | $ 6,292.25 |
| Everest Building Funding | $ 222,042.90 |
| Fifth Third Bank | $ 400.00 |
| Forrest Brook Estates HOA | $ 1,250.00 |
| Gunther Services | $ 1,000.00 |
| IOU Central | $ 450,000.00 |
| Kabbage | $ 50,000.00 |
| Lafayette FCU | $ 53,200.00 |
| Macallister Rental | $ 20,000.00 |
| Mastercard | $ 4,633.00 |
| Mohamad Saad | $ 322,769.29 |
| Pawnee Leasing | $ 37,164.80 |
| SCP Pool Company | $ 61,288.06 |
| Sheffield | $ 13,024.90 |
| Site One Landscape | $ 14,344.00 |
| US Bank | $ 2,657.07 |
| SBA | $ 551,887.00 |
| Unique Funding | $ 85,000.00 |
| Washington Townshpi | $ 3,800.00 |
| Western Equipment Finance | $ 77,273.91 |
| X1 Inc | $ 4,876.00 |
| Americredit (Unscheduled) | $ 4,737.84 |
| Matthew and Melissa Martin | $ 75,000.00 |
| Wings Financial CU (unscheduled) | $ 21,164.24 |
| LVNV Funding - Home Depot (unscheduled) | $ 5,580.00 |
| **TOTAL** | **$ 4,557,323.60** |

3. The total amount of scheduled and filed claims: $4,557,323.60, exceeds the applicable debt limit by $1,807,323.60.

4. Notably, Debtor has not objected to a single filed proof of claim.

5. The Debtor now claims, however, that 5 different "buckets" of claims should not count toward the debt limit.

6. The first such "bucket," which Debtor terms the "Exigent CYA Claims," include claims against the Debtor's company, which he claims he listed in his personal case in an (over) abundance of caution. Such claims were listed as "$0.00" or "Unknown" on Debtor's schedules, and, while Creditor does not concede that they should not add to Debtor's overall liability, they do not factor into this analysis.

7. The second "bucket," which the Debtor terms "Tort Claims," include claims of homeowners whom the Debtor defrauded pre-petition. Debtor scheduled these claims with a "$0.00" or "Unknown" amount, but such creditors filed claims totaling $997,769.29.

8. While Creditor does not concede that these claims should be disregarded for purposes of the debt limit analysis, excluding them here, *arguendo*, would bring Debtor's total scheduled and filed claims down to $3,559,554.31.

9. Next, Debtor's third "bucket" consists of the Internal Revenue Service. Debtor contends, in spite of the IRS's unchallenged proof of claim, that he

owes nothing to the IRS. Again, while Creditor does not concede the inapplicability of this claim, excluding the IRS's $157,272.80 filed claim brings the Debtor's total liabilities down to $3,402,281.51.

10. At this point, the Debtor is still $652,281.51 over the debt limit. And here, his analysis really runs into trouble.

11. In his fourth "bucket," Debtor tries to contend that the debt he owes to the SBA is contingent and unliquidated. It is neither.

12. The mere fact that the documents the SBA attached to its proof of claim were unsigned does not defeat its claim. Such documents are regularly signed electronically, particularly, as this one was, during the pandemic. Neither the Debtor nor his company seem to seriously dispute the liability to the SBA.

13. Debtor also appears to assert that his debt to the SBA is contingent, because the SBA may realize some recovery on its claim in Exigent's bankruptcy. Even if true, the SBA's recourse against Exigent is immaterial. Debtor signed an "Unconditional Guarantee," which expressly waives any obligation of the creditor to first obtain recourse from its collateral or primary obligor. *See In re Cox,* 2016 Bankr LEXIS 3644 (Bankr ED Wash, Oct. 6, 2016). As of the Petition Date, therefore, Debtor was liable for the entire amount of the SBA's claim, regardless of any potential recovery it may receive from Exigent. The SBA's claim - $551,887.00, must count toward the debt limit.

14. Debtor's last "bucket" consists of the $183,000.00 claim of 24 Capital.[2] Debtor disputes whether he actually guaranteed this creditor's claim. Debtor's brief does not mention, however, that 24 Capital's claim is based on a judgment it obtained against the Debtor in the Supreme Court of the State of New York (County of Ontario) on or about March 7, 2023. A judgment, by definition, cannot be contingent or unliquidated. *See In re Xenos Yuen,* 2013 Bankr LEXIS 4238 (Bankr SD Tex, Oct. 9, 2013).

15. Therefore, 24 Capital's $183,000.00 claim must count towards the debt limit.

16. Debtor's schedules list various other claims as "contingent," unliquidated," or "disputed." These designations, however, did not arise from any serious contentions regarding the claims, but merely because the Debtor (or his counsel) cherry-picked the largest claims and marked them, in an effort to manipulate the debt limit. When questioned about these designations, Debtor could not explain them.[3]

17. Even excluding the "Exigent CYA Claims," the "Tort Claims," and the IRS's claim, Debtor's scheduled and filed liabilities total $3,402,281.51, well in

---

[2] Notably, if the SBA's claim is included in the debt limit analysis, whether or not 24 Capital's claim is included becomes immaterial, as, even if 24 Capital's claim was excluded, Debtor is $469,281.51 over the debt limit.

[3] *See* Debtor's 2004 exam testimony, attached as Exhibit A to Creditor's Motion to Dismiss, pages 58:19, 59:24,  64:5, 65:4, 67:16, and 74:13.

excess of the debt limit.  Debtor does not qualify to proceed in Chapter 13, and this case must be dismissed.

Respectfully submitted,

Dated: January 20, 2025

OSIPOV BIGELMAN, P.C.

/s/ Anthony J. Miller
Anthony J. Miller (P71505)
Attorneys for Mohamed Saad
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
248.663.1800
am@osbig.com