UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

      Debtor.
_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

### CREDITOR MOHAMED SAAD'S SUPPLEMENTAL RESPONSE TO DEBTOR'S BRIEF AND EXHIBIT REGARDING THE 11 U.S.C. §109(e) DEBT LIMIT

NOW COMES Mohamed Saad, "Creditor," by and through his attorneys, OSIPOV BIGELMAN, P.C., and hereby supplements his Response (ECF No. 135) to Debtor's Brief and Exhibit (ECF Nos. 132 and 133) Regarding the 11 U.S.C. §109(e) Debt Limit. In clarifying support to the originally filed response, Creditor can decidedly demonstrate that, *even if the Court were to accept every single one of the Debtor's legal arguments*, as of the Petition Date, the Debtor was ineligible for Chapter 13 because his debts exceeded the enhanced $2,750,000.00 threshold proscribed by the Bankruptcy Threshold Adjustment and Technical Corrections Act of 2022.[1]

---

[1] Creditor stands by the analysis and arguments set forth at ECF No. 135. This supplement focuses on the figures *used by the Debtor* and certain omissions, mischaracterizations, and understatements of claims. When the Debtor's math is corrected (using the correct amounts), he is demonstrably ineligible for Chapter 13.

1.      Debtor's calculations are supported by a spreadsheet (ECF No. 132, pages 33 to 39), in which he listed all the potential claims.

2.      Debtor's eliminated the claims that, he argued, fell into five "buckets" of claims that should not count toward the debt limit.  After eliminating these "buckets," the Debtor contends that the total amount that should "count" toward the debt limit is $2,537,994.99.

3.      However, the amounts Debtor used to arrive at his total are verifiably inaccurate and misleading.

4.      First, the Debtor's spreadsheet includes a claim in favor of Wings Financial Credit Union, in the amount of **$21,164.24**.  Debtor's spreadsheet concedes that this debt should be "counted for eligibility using proof of claim amount," but then he inexplicably fails to add it to his debt total.  Whether intentionally or innocently omitted, this amount must be counted toward the debt limit.

5.      Second, the Debtor excludes the claim of Western Equipment Finance, Inc. ("Western"), in the amount of **$77,273.91**, describing the claim as "Bucket 1 Exigent CYA; no personal liability, listed for notice."  However, Western filed a Proof of Claim in Exigent's bankruptcy case (see attached **Exhibit A**).  The Proof of Claim contains the Debtor's personal guarantee, whereby he guaranteed this debt "personally, absolutely, and unconditionally" and waived "any requirement that

[creditor] enforce our rights against [Exigent] or the Collateral before enforcing this guarantee" (**Exhibit A**, page 8). Accordingly, this amount *is an obligation of the Debtor* and must be counted toward the debt limit.

6. Third, the Debtor included the claim of Everest Business Funding, in the amount of $200,000.00. This amount is incorrect. Everest filed a Proof of Claim in this case (see attached **Exhibit B**) that demonstrates that the amount due is $222,042.90 – a difference of **$22,042.90**. This claim arises from Everest's purchase of Exigent's accounts receivable. Everest paid $200,000.00 to Exigent, but it purchased *$284,000.00* of receivables, which Exigent (unconditionally guaranteed by the Debtor) was required to pay. The amount included on Everest's Proof of Claim represents the unpaid balance due. This is the amount that must be counted toward the debt limit.[2]

7. Fourth, the Debtor included the claim of Connexus Credit Union ("Connexus"), in the amount of $151,852.00. This amount is incorrect. The Debtor improperly omits the interest ($11,872.03) and fees ($70.00) that had accrued as of the Petition Date, and which were included on Connexus's Proof of Claim (see

---

[2] While a debtor's "good faith" assertion as to how much he owes is "normally" accepted at face value, there are exceptions, including "if 'it appears to a legal certainty that' the amount owed is other than what the debtor says is owed, then the debtor's good faith is irrelevant," and the true amount of the claim must be counted toward the debt limit. *In re Mannor*, 175, B.R. 639, 641 (Bankr. E.D. Mich. 1994), quoting *Comprehensive Accounting Corp. v. Pearson (In re Pearson),* 773 F.2d 751 (6th Cir. 1985).

attached **Exhibit C**), in the total amount of **$11,942.03**. This amount must be counted toward the debt limit.

8. Fifth, the Debtor's spreadsheet included the claim of LVNV Funding, in the amount of **$5,580.45**. LVNV Funding filed a Proof of Claim (see attached **Exhibit D**) that indicates this liability arises from Debtor's personal credit card. However, Debtor inexplicably fails to count this claim toward the debt limit, presumably on the grounds that it "was not scheduled." Debtor's failure to properly schedule this claim is irrelevant. Whether intentionally or innocently omitted, this amount must be counted toward the debt limit.

9. Sixth, the Debtor's spreadsheet included the claim of IOU Central, Inc., d/b/a IOU Financial ("IOU"), in the amount of $450,000.00. This amount is incorrect. IOU filed a Proof of Claim in the Exigent case (see attached **Exhibit E**). This claim is based upon a judgment (against the Debtor and Exigent, jointly and severally) in the amount of $593,508.22, which includes interest accrued through April 17, 2023. The judgment specified that interest is "continuing to accrue thereafter at the rate of 9.250% per year (or $114.80 per day)." There were 317 days between April 18, 2023 and February 29, 2024 (the Petition Date), resulting in additional accrued interest of $36,391.60. Accordingly, the total amount due to IOU, as of the Petition Date, was $629,899.82. This exceeds the Debtor's listed amount by **$179,899.82**. This amount must be counted toward the debt limit.

10. Including these improperly omitted amounts adds **$324,264.93** to the total debt:

| Creditor | Improperly Omitted Amount |
|---|---|
| Wings Financial CU | $ 21,164.24 |
| Western Equipment Finance | $ 77,273.91 |
| Everest Business Funding | $ 22,042.90 |
| Connexus Credit Union | $ 11,942.03 |
| LVNV Funding | $ 11,942.03 |
| IOU Central Inc. | $ 179,899.82 |
| **TOTAL** | **$ 324,264.93** |

11. In addition to the foregoing, there are contradictory claims within the "Bucket 1 Exigent CYA; no personal liability, listed for notice" category. For instance, the Debtor excluded debts owed to Auto Owners Insurance, Blue Cross Blue Shield, Citibank, Google, Safeco Insurance, and Wright Engineering (all listed as $0.00 or "Unknown") from the debt limit. However, despite Debtor's contention that these are debts of Exigent, *these creditors were not listed on Exigent's schedules*. The Debtor also includes in "Bucket 1" several debts owed to "merchant cash advance" creditors (i.e., Fundbox Funding and Upstart Capital). While Creditor is not in possession of the documents underlying these claims, such "distressed business" lenders almost universally require unconditional personal guarantees from the business owners.

12. After adding the amounts corrected above to the amounts Debtor already concedes, he exceeds the debt limit by at least $112,259.92:

| | | |
|---|---|---|
| Conceded | $ | 2,537,994.99 |
| Improperly Omitted | $ | 324,264.93 |
| **_TOTAL_** | **_$_** | **_2,862,259.92_** |

13. Debtor does not qualify to proceed in Chapter 13, and this case must be dismissed.

Respectfully submitted,

Dated: January 24, 2025　　　　　　　　　OSIPOV BIGELMAN, P.C.

/s/ Anthony J. Miller<br>
Anthony J. Miller (P71505)<br>
Attorneys for Mohamed Saad<br>
20700 Civic Center Drive, Suite 420<br>
Southfield, MI 48076<br>
248.663.1800<br>
am@osbig.com