# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In the Matter of:

| | |
|---|---|
| Brandon Heitmann | Case No. 24-41956 |
| | Chapter 13 |
| Debtor | Hon. Mark Randon |

_____/

<u>Debtor's Chapter 13 Confirmation Hearing Certificate</u>
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. ___ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    Trustee Objections:
    Issues:

    Creditor # 1:
    Objections:
    Issues:

    Creditor # 2:
    Objections:
    Issues:

3. _x__ Request an adjournment of the confirmation hearing to _[approximately 56 days], due to the following good cause:
    Debtor has filed his amended 2021 tax return, which the IRS is processing. Upon information and belief, money will be owed to the Debtor, as opposed to money being owed the IRS and ideally the IRS will withdraw its proof of claim. Upon information and belief, it will take some time for the IRS to process the amended return and file an

amended proof of claim consistent with the amendment and the offsets. Debtor believes that there will be sufficient funding from his Second Amended Chapter 13 Plan [ECF 65] to pay the IRS priority claim. The objection by the lender for Debtor's principal residence, Associated Bank appears to be resolved by inclusion in the Debtor's Second Amended Plan of language regarding Associated Bank's treatment in Class 5.5. The Court has scheduled 2.26.2025 as the date for its bench opinion regarding Debtor's chapter 13 eligibility which may moot the confirmation process.

4. ___ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 7 days.]

5. ___ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

Respectfully submitted
By: /s/ Robert N. Bassel
Robert N. Bassel (P 48420)
Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
248.677-1234
bbassel@gmail.com