UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

HEITMANN, Brandon L.,            Chapter 7
                                               Case No. 24-41956-mar
             Debtor.                 Hon. Mark A. Randon
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF**
**SALE OF PERSONAL PROPERTY**

**NOW COMES** Douglas S. Ellmann, Trustee, through his counsel, Morris & Morris Attorneys, P.L.L.C., and hereby moves, pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004, for the entry of an order approving his proposed sale of various items of non-exempt or partially exempt personal property to Amanda Heitmann. In support of his motion, the Trustee states as follows:

    1.     A proposed order granting the relief sought in this Motion is attached hereto as **Exhibit "1"**.

    2.     A Notice of Opportunity Regarding Trustee's Motion for Approval of Sale is attached hereto as **Exhibit "2"**.

    3.     A brief in support of this Motion is not required; therefore, no brief is attached.

4. The Sale Agreement ("Sale Agreement") which is the subject of this motion is attached hereto as **Exhibit "3"**.

5. A Certificate of Service showing service on those parties entitled to service under ECF Procedure 12(b) or otherwise is attached hereto as **Exhibit "4"**.

## Jurisdiction and Venue

6. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The Trustee brings this motion pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 6004 and L.B.R. 9014-1 (E.D.M.).

## Background

9. Brandon Heitmann ("Debtor") filed his Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code on February 29, 2024.

10. The case was converted to Chapter 7 on February 25, 2025.

11. Douglas S. Ellmann is the trustee of the bankruptcy estate of the Debtors in this Chapter 7 case (the "Trustee").

12. Property of the bankruptcy estate includes the following items (the "Assets") listed by the Debtor in Schedule A/B filed on March 15, 2024:

    a. 2019 GMC 2500 (subject to a lien securing a loan balance of approximately $15,000 as of the case conversion– see Claim 5-1 for terms of loan);

    b. 2020 GMC 4500 dump truck;

    c. 20-foot enclosed Look trailer;

    d. 1995 Econoline van;

    e. Toro Dingo 1000;

    f. 1995 box truck;

    g. various household goods and furnishings;

    h. various equipment for sports and hobbies;

    i. two firearms;

    j. clothes; PS4 and video games; personal computer; refrigerator and contents;

    k. machinery, tools and equipment including a shipping container and equipment trailer.

3
24-41956-mar    Doc 161    Filed 05/30/25    Entered 05/30/25 11:22:04    Page 3 of 5

13. The Debtor has claimed exemptions in many of the Assets. His wife, Amanda Heitmann, has agreed to purchase from the Trustee the non-exempt value of the Assets. The Trustee has agreed to sell to Amanda Heitmann the non-exempt value of the Assets, subject to the Debtor's exemptions. According to the liquidation analysis prepared by the Debtor (Attachment 1 to his chapter 13 plan (ECF # 22, pages 11-13)), the non-exempt value of the Assets, net of the vehicle lien, is $14,125. The Trustee believes, based upon his research, that this figure is substantially accurate. The Trustee reviewed photographs of the Assets to assess their nature and condition and conducted research into values of the larger items such as the motor vehicles and power equipment. The smaller items mostly have no sale value. Further, the plan valuation not appear to take into consideration the possible ownership interest of Mrs. Heitmann in the GMC 2500 pickup truck, which could further diminish the value to the estate of the Assets. Mrs. Heitmann is listed on the certificate of title as a co-owner.

14. This sale is in the best interest of the estate because it will result in the realization by the estate of a fair value of non-exempt value of the Assets with a significantly lower transactional cost than

would be incurred were the Trustee to liquidate the Assets by auction, private sale, or other means. An auction or private sale would require that the Trustee or his agent take possession of, transport, store and prepare the Assets for sale. Such a sale would involve advertising expenses and a sale commission or other compensation to a broker or auctioneer. Litigation might be required were Mrs. Heitmann to not consent to the sale of the GMC 2500 pickup truck. These costs would consume a substantial portion of the sale value. The Trustee believes that the sale proposed by this motion will maximize the value to the estate of the Assets net of the expenses of sale.

**WHEREFORE**, Douglas S. Ellmann, Trustee, respectfully requests that the Court enter an order granting this motion.

*Respectfully submitted,*

**MORRIS & MORRIS ATTORNEYS, P.L.L.C.**

By: */s/ Thomas R. Morris*
    Thomas R. Morris (P39141)
    David R. Morris (P83922)
Counsel for the Trustee
3258 Broad Street, Suite 1
Dexter, MI 48130
(734) 934-0035
tmorris@morrispllc.com