# SALE AGREEMENT

**THIS SALE AGREEMENT** ("Sale Agreement") is entered into this 23rd day of May, 2025, by and between Douglas S. Ellmann, as Chapter 7 trustee for the Bankruptcy Estate of Brandon L. Heitmann (the "Trustee"), and Brandon L. Heitmann ("Debtor") and Amanda Heitmann ("Purchaser"). The Trustee, the Debtor and the Purchaser are sometimes individually referred to as a "party" or collectively as the "parties.

## **R E C I T A L S**

A. On February 29, 2024, Debtor filed a voluntary chapter 13 petition with the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), commencing Case No. 24-41956-mar (the "Bankruptcy Case").

B. The Bankruptcy Case was converted to chapter 7 on February 25, 2025.

C. The Trustee was appointed as trustee in the chapter 7 Bankruptcy Case and has continuously served as trustee in the chapter 7 Bankruptcy Case. The Trustee is charged with the duty to administer assets of the chapter 7 bankruptcy estate (the "Bankruptcy Estate") pursuant to 11 U.S.C. § 704.

D. According to the Debtor's bankruptcy schedules, property of the bankruptcy estate includes the following items listed by the Debtor in Schedule A/B filed on March 15, 2024:

> 2019 GMC 2500; 2020 GMC 4500 dump truck; 20-foot enclosed Look trailer; 1995 Econoline van; Toro Dingo 1000; 1995 box truck; various household goods and furnishings; various equipment for sports and hobbies; two firearms; clothes; PS4 and video games; personal computer; refrigerator and contents; machinery, tools and equipment including a shipping container and equipment trailer (the "Assets").

E. The Debtor has claimed exemptions in a number of items of the Assets. He has agreed to forego payment by the Trustee of any exemption in the Assets if the sale of the Assets to Purchaser is consummated. In effect, Purchaser will purchase from the Trustee the non-exempt value of the Assets. The Trustee

has agreed to sell to the Purchaser the non-exempt value of the Assets.

**NOW, THEREFORE**, in consideration of the covenants and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the parties agree as follows:

1. **Bankruptcy Court Approval**. The Trustee agrees to promptly file a motion with the Bankruptcy Court seeking approval of this Sale Agreement. The Trustee does not intend to advertise the sale, but he does intend to give notice to creditors of the motion, and any person is free to propose to purchase the Assets. The Trustee is free to entertain and accept a higher or better offer. If the Trustee becomes aware of the existence of a potential offer, the Trustee intends to establish a bidding procedure, with notice to Debtor. Purchaser agrees that notice to the Debtor will constitute notice to her. Purchaser is not obligated to make a higher or better offer, and in the event of a sale to a person other than the Debtor or Purchaser, the Debtor will be entitled to payment of his exemption(s). Therefore, any offer from another person must take into account the Debtor's exemption(s). The Debtor will not be entitled to payment of his exemption with respect to those items of the Assets for which he or Purchaser is the purchaser, as his exemption has been taken into consideration in determining the purchase price.

2 **Transfer of Assets; Effective Date**. Trustee shall sell, transfer, assign and deliver to Purchaser, and Purchaser shall purchase from the Trustee, the estate's right to, and interest in, the Assets. Following entry of an order of the

Bankruptcy Court, the Trustee will deliver to Purchaser a bill of sale in the form attached as Exhibit A to this Sale Agreement.

3. **Payment**. Purchaser shall pay to the Trustee the sum of Twenty-two Thousand Five Hundred Dollars ($22,500.00) (the "Purchase Funds") for the Assets. The Trustee will hold the Purchase Funds pending approval by the Bankruptcy Court of this Sale Agreement. If this Sale Agreement is not approved by the Bankruptcy Court within sixty (60) days or if approval is declined, this Sale Agreement will be void, and the Trustee will return the Purchase Funds and any interest earned thereon, unless the parties otherwise agree.

4. **No Representations or Warranties**. The Assets are sold "as is" and "where is", subject to any lien or other interest that may exist, including those listed in the schedules, such as a security interest in favor of GMC Financial with respect to the 2019 GMC 2500 truck. The Debtor is presumed to be in possession of the Assets. Trustee is not in possession of the Assets and will not be obligated to deliver physical possession of any of them. The Trustee makes no representation, and gives no warranty whatsoever, express or implied, as to the Assets or any of them. The Debtor waives his right to the payment by the Trustee or the estate of any exemption in any of the Assets, provided that the sale is to Purchaser or to him.

5. **Full Agreement**. This Sale Agreement constitutes the sole expression

of the agreement between the Parties with respect to the subject matter hereof.

6. **Counterparts**. This Sale Agreement may be executed in one or more counterparts, all of which shall be considered one and the same document, and shall be effective (but for approval by the Bankruptcy Court) when one or more counterparts have been signed by each of the parties and delivered to the other parties hereto. Signatures may be transmitted by email or facsimile and shall be deemed to be original signatures for all purposes.

7. **Governing Law**. All questions concerning the construction, validity, and interpretation of this Sale Agreement shall be governed by the laws of the State of Michigan. The Bankruptcy Court shall have exclusive jurisdiction over any disputes related to this Sale Agreement.

8. **Waiver and Amendments**. The provisions of this Sale Agreement may be amended only by the written agreement of the parties hereto.

9. **Voluntary and Informed Execution**. The parties acknowledge and agree that they have each fully read, completely understand, and voluntarily enter into and execute this Sale Agreement and acknowledge that they have been represented and advised by counsel of their choosing or had ample opportunity to be represented by counsel during the negotiations that resulted in the drafting and execution of this Sale Agreement.

1**IN WITNESS WHEREOF**, the parties hereto have affixed their

signatures on the day and year first above written.

Dated: May 28, 2025  
_____  
Brandon L. Heitmann, Debtor

Dated: May 28, 2025  
_____  
Amanda Heitmann, Purchaser

Dated: May 23, 2025  
_____  
Douglas S. Ellmann, Trustee

Exhibit A

# BILL OF SALE

KNOW ALL PERSONS BY THESE PRESENTS, that the Seller, Douglas S. Ellmann, as trustee in bankruptcy for Brandon L. Heitmann, case no. 24-41956-mar, United States Bankruptcy Court, Eastern District of Michigan, Southern Division, pursuant to the Sale Agreement approved by the "Order Approving Sale of Assets", entered on _____, 2025 (docket # ___), does hereby, assign, transfer and set over to Amanda Heitmann ("Purchaser") the interest of the bankruptcy estate of Debtor in the following items:

> 2019 GMC 2500; 2020 GMC 4500 dump truck; 20-foot enclosed Look trailer; 1995 Econoline van; Toro Dingo 1000; 1995 box truck; various household goods and furnishings; various equipment for sports and hobbies; two firearms; clothes; PS4 and video games; personal computer; refrigerator and contents; machinery, tools and equipment including a shipping container and equipment trailer (the "Assets")

The Assets are transferred "as is" and "where is" and without any representation or warranty of any kind, including as to its condition or fitness for any particular purpose. Seller does not warrant title to the Assets, and Debtor acknowledges that they may be subject to one or more liens or other interests. This Bill of Sale, and the transfer of the Assets evidenced hereby, is made for and in consideration of the sum of twenty-two thousand five hundred dollars ($22,500.00) paid by Debtor for the Assets, the receipt and adequacy of which is hereby acknowledged by Seller.

IN WITNESS WHEREOF, Seller has made and delivered this Bill of Sale this __st day of _____, 2025.

> _____
> Douglas S. Ellmann, as trustee in bankruptcy for Brandon L. Heitmann, case no. 24-41956-mar, United States Bankruptcy Court, Eastern District of Michigan, Southern Division, pursuant to the order identified above.